MILLS, Judge.
By interlocutory appeal, plaintiff seeks reversal of the trial court’s order granting Translinear’s motion to quash the service *102 of process on it. Beckham and Brilliant abandoned the interlocutory appeal taken by them.
Plaintiff, a Florida resident, brought suit against the defendant, a Texas corporation, seeking the return of $30,000.00 he paid to defendant for stock which it developed later was not registered for sale in Florida as required by Chapter 517, Florida Statutes. Plaintiff alleged in his complaint that he purchased the stock from the defendant in Florida, and that the defendant engaged in a business venture in Florida. Plaintiff obtained service of process on the defendant under the “long arm statute”, Section 48.181, Florida Statutes.
In support of the defendant’s motion to quash, several of its corporate officers gave affidavits that defendant had not engaged in any business venture in Florida, that the stock was sold to and delivered to plaintiff in Texas, and that as a convenience to plaintiff, an officer accepted plaintiff’s check in payment of the stock while in Florida on another matter.
In opposition to the motion to quash, plaintiff, by way of affidavit and deposition, stated that he agreed to buy the stock in Florida, that the stock was delivered to him in Florida, and that he delivered his check in payment of the stock in Florida. In addition, he stated that prior to the purchase and over a period of time officers of defendant carried on extensive negotiations with plaintiff for the sale of the stock while carrying on other business of the defendant in Florida. That after concluding the sale of the stock, the corporate officers of defendant were carried to Miami by plaintiff to check on a business interest defendant had there, and in which the plaintiff was involved under a contract with defendant.
Defendant did not file counter affidavits in rebuttal of plaintiff’s affidavit and deposition. The Florida long arm statute, Section 48.181, Forida Statutes, provides in pertinent part as follows:
“The acceptance by . all foreign corporations, ... of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the . . . foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.”
Each case presented under the long arm statute must be resolved on the basis of the facts revealed by the record in that particular case. Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla.1957).
The long arm statute is only limited by its terms and the due process requirement that one have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed 95 (1945).
The trial court concluded that there was insufficient evidence to show that Translinear conducted a business or business venture in Florida in respect to the sale of its stock to plaintiff. There was *103 substantial competent evidence to support the trial court’s decision. We will not disturb it.
Interlocutory appeal dismissed.
RAWLS, Acting C. J., and McCORD, J., concur.