SMITH, Judge.
Beckham appeals from a judgment refunding appellee Holborn the purchase price he paid Translinear, Inc., a Texas corporation, for shares of Translinear common stock which were not registered as securities in Florida. The court found that the sale by Translinear to Holborn occurred in Florida, that the exemption from Florida registration afforded by § 517.-06(11), F.S., was not satisfied, that the transaction violated ch. 517, F.S., and that appellant Beckham, Translinear’s president who personally participated in the sale of Translinear stock to Holborn, was directly liable to the purchaser by virtue of § 517.-21(1).
Before Holborn’s case against Beckham went to trial, the court dismissed Holborn’s complaint against Translinear on the ground that Translinear had not engaged in a business or business venture in Florida in respect to the sale of its stock and so was not subject to service of process on the Secretary of State by virtue of § 48.-181(1), F.S.1971. But the trial court simultaneously held that Beckham, Transli-near’s president, had engaged in such activity and so was subject to jurisdiction under § 48.181(1).
By interlocutory appeal Beckham attacked the trial court’s order sustaining service of process on him and Holborn sought review of the dismissal of Transli-near. This Court sustained the order dismissing Holborn’s complaint against Tran-slinear for want of jurisdiction, but Beck-ham abandoned his effort to obtain interlocutory relief and went to trial. Beckham v. Holborn (Holborn v. Translinear, Inc.,) 330 So.2d 101 (Fla.App. 1st, 1976). Having not previously reviewed the interlocutory order affecting Beckham, we now review it on Beckham’s plenary appeal.
Our decision in favor of Transli-near concludes Holborn’s case against Beckham as well, for there is no evidence from which it might be found that Beck-ham, as an individual — but not as Transli-near’s president — engaged in the business or business venture of selling Translinear stock in Florida. In sustaining jurisdiction over Beckham, the trial court perhaps gave undue weight to Holborn’s affidavit reciting that Beckham and another Translinear officer “acted in their personal capacity as individuals” as well as for Translinear. There being no evidence to support that view of the matter, Beckham is the beneficiary of the trial court’s finding that Translinear did not subject itself to service of process by Beckham’s conduct. If Beck-ham’s Florida activities did not for § 48.-181(1) purposes constitute a sale by Trans-linear in Florida of unregistered Translin- *684 ear stock, the court had no jurisdiction to enforce remedies against Beckham as one who has “personally participated or aided in any way in making the sale.” Sec. 517.-21(1), F.S. The service of process on the Secretary of State in this case was as ineffectual against Beckham as it was against Translinear.
REVERSED.
RAWLS, Acting C. J., and SWIGERT, WILLIAM T., SR., Associate Judge, concur.