558 So.2d 59 (1990)
Vaughn DURHAM, et al., Appellants,
v.
PALM COURT, INC., Appellee.
No. 88-3012.
District Court of Appeal of Florida, Fourth District.
January 24, 1990.
Gerald F. Richman, Michael A. Hanzman and Sally R. Doerner of Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, for appellants.
Alberto A. Macia and Allen P. Reed of Shea & Gould, Miami, for appellee.
LETTS, Judge.
A trial judge dismissed a complaint sounding in negligence, gross negligence and breach of fiduciary duty filed by certain hotel/condominium unit-purchasers *60 against the seller's retained accounting firm. The suit was dismissed because the accounting firm was not in privity with those unit-purchasers. We reverse.
The facts and the trial judge's reasoning are most adequately set forth in his order now on appeal. We can do no better than to parrot the pertinent parts of that order as follows:
The allegations in the third amended counterclaim indicate that PKF, an accounting firm specializing in providing services to the hotel industry, was retained by Palm Court, Inc. (PCI) to prepare a "market demand report" and a "financial forecast and financial projection." PKF knew that both documents would be used as exhibits to an offering memorandum which PCI intended to circulate to promote the sale of interests in the Palm Court Hotel. The purchasers relied on the data compiled in these documents. Now they are suing PKF, claiming negligence, gross negligence and breach of fiduciary duty.
PKF moved to dismiss, relying on the First District's holding in Gordon v. Etue, Wardlaw & Co., 511 So.2d 384 (Fla. 1st DCA 1987), where the court said, "Florida law denies relief for breach of due care by an accountant to third parties who are not in privity with that accountant, even though reliance by the third parties is known or anticipated." Id. at 389 Counter-plaintiffs, on the other hand, cited the Eleventh Circuit's decision in Seaboard Surety Co. v. Garrison, Webb & Stanaland, Inc., 823 F.2d 434 (11th Cir.1987), which relied upon Florida law and held that accountants could be liable to third parties under specified circumstances.
Although this court believes that the Eleventh Circuit's decision represents an appropriate and correct extension of the Florida Supreme Court's holding in First American Title Insurance Co. v. First Title Service Co., 457 So.2d 467 477 (Fla. 1984), this court in bound by the First District's opinion in Gordon, supra. See State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976). Accordingly, it is, ORDERED and ADJUDGED that the counter-defendant's motion to dismiss is granted; the third amended counterclaim is hereby dismissed with prejudice as to the counter-defendant PKF.
We agree that the trial judge's order was correct, given the circumstances, though he obviously did not like the result himself. The Fourth District Court had not spoken on this subject, and thus the trial court was bound by the First District's Gordon case because of the holding in State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976). On the other hand, we are not bound by the Gordon decision and, in fact, we disagree with it as it might apply to the facts of the controversy now before us.
We believe the purchasers' pleading stated a cause of action against the accountants. Said pleading averred the following:
NEGLIGENCE AGAINST PKF
Counter-claimants reallege and incorporate by reference paragraphs 1 through 24 above as if fully set forth herein. 185. In connection with the Palm Court Securities Offering, PKF was retained by PCI to prepare a "Market Demand Report" and a "Financial Forecast and Financial Projections" relating to the Palm Court Hotel.
186. At all times PKF had actual knowledge of the fact that the reports it was retained to prepare would be included in an Offering Memorandum that was to be used by PCI to market the Palm Court Securities. In fact, PKF provided PCI with express permission to include both the Market Demand Report and the Financial Forecast and Financial Projections as exhibits to the Offering Memorandum.
187. Because each of the purchasers were intended and foreseeable beneficiaries of the PKF studies, and further because PKF knew that the purchasers would rely on said studies in making a determination as to whether to invest in the Palm Court Securities Offering, PKF owed each of the purchasers the duty to *61 conduct its studies in accordance with standards used by reasonable prudent professionals of PKF's experience and expertise, under the circumstances involved.
188. In connection with the Market Demand Report and the Financial Forecast and Financial Projections, PKF breached its duty of care to the purchasers by negligently compiling the data necessary to forecast the market demand and financial forecast for the hotel, and by negligently analyzing the data which was compiled. As a result of PKF's failure to exercise the care and skill that a prudent professional would exercise under the circumstances in compiling the data and formulating the studies, the reports prepared and contained in the Offering Memorandum were grossly inaccurate even assuming the assumptions underlying the studies had come into fruition. 189. PKF's negligence in connection with the Market Demand study and "Financial Forecast and Financial Projections" compiled in connection with the Palm Court Offering has proximately caused damage to each of the purchasers.
WHEREFORE, the purchasers demand judgment against PKF for compensatory damages, interest, costs, such other relief as this court deems appropriate.
In an effort to sell some sixty-six condominium rooms in a former hotel to investors, the seller specifically employed the accountants to prepare documents for distribution, not only to their client, the seller, but also for the express purpose of including the distribution to potential purchasers. We are convinced, under the facts of this case, that the accountants cannot sit back blithely and escape liability because of lack of privity. Our conclusion is bolstered by a recent opinion in a title company case involving use of an abstract. True, the facts are not identical, but the principle is the same. In First American Title Insurance Co., Inc. v. First Title Service Co. of The Florida Keys, Inc., 457 So.2d 467 (Fla. 1984), the supreme court held that an abstractor, who prepared a faulty real estate abstract for a seller, could be liable to third persons upon the following premise:
[W]hen an abstract is prepared in the knowledge or under conditions in which an abstractor should reasonably expect that the employer is to provide it to third persons for purposes of inducing those persons to rely on the abstract as evidence of title, the abstractor's contractual duty to perform the service skillfully and diligently runs to the benefit of such known third parties.
* * * * * *
[W]hen an abstractor knows that his employer or customer is ordering the abstract for the use of a purchaser of the property, reliance on the abstract by the purchaser is "the end and aim of the transaction." We, therefore hold that such a known third-party user is owed the same duty and is entitled to the same remedy as the one who ordered the abstract.
457 So.2d at 472-473.
Applying similar reasoning to the case at bar, we believe that the accountants were not entitled to a dismissal of the counterclaim. See also, Seaboard Surety Co. v. Garrison, Webb & Stanaland, Inc., cited in the trial judge's order.
We are cognizant of another decision out of the Second District with facts quite similar to those in the case now before us, where the court reaffirmed an earlier decision and held that accountants not in privity are not liable to third persons even in cases where gross negligence has occurred, unless fraud is present. First Florida Bank v. Max Mitchell and Company, 541 So.2d 155 (Fla. 2d DCA 1989). Interestingly enough, the court in First Florida Bank, nevertheless, detected an "erosion of the strict privity-doctrine" and certified the question. The supreme court has accepted jurisdiction, but as of this writing has made no ruling.
Our holding is limited to the facts sub judice and should not be construed as implying that a cause of action exists against every accounting firm that produces reports for individual clients, just because the reports are later read by third parties who *62 allegedly rely on them. More, much more than that, is involved here. In a compelling and exhaustive memorandum opinion included in this record, the trial judge found that the interests offered for sale were securities within the meaning of both federal and state law, a conclusion not disputed by the seller. Pursuant thereto, the interests were offered for sale through a private placement memorandum. Within the confines of that memorandum, and both vital and necessary to it, was the offending accountant's report. As the trial judge noted in his memorandum opinion:
The one portion of the private placement memorandum which played a significant role in virtually every unit owner's decision to purchase a hotel interest .. . was the forecasted statement of income and cash-flow listed as exhibit 1 to the [accountant's] report.
In other words, the report was part and parcel of the bait which, hook, line and sinker, reeled in the investors. Under the circumstances, it would be inequitable (and the trial court ruled that the original complaint sounded in equitable foreclosure and rescission), to permit the accountants to successfully evade a counterclaim based on negligence because of lack of privity with the very investors the report was designed to ensnare.
We are aware that our holding apparently conflicts with the Gordon case out of the First District and the First Florida Bank decision out of the Second District. That latter opinion is now before the supreme court and presumably, the instant accountants can, likewise, obtain review.
REVERSED AND REMANDED.
HERSEY, C.J., and WARNER, J., concur.