**Thomas W. HILL, Jr., Plaintiff,**

v.

**SIDLEY & AUSTIN, et al., Defendants.**

**No. 91–8019–CIV.**

United States District Court,
S.D. Florida.

April 30, 1991.

**932**

Thomas W. Hill, Jr., plaintiff pro se.

Cecil H. Albury, Alley, Maas, Rogers & Lindsay, Palm Beach, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the petition for removal filed by all defendants on January 16, 1991. The plaintiff commenced this action on January 23, 1991, in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The petitioners allege that this Court has jurisdiction over this matter based on the diversity of the parties' citizenship. 28 U.S.C. § 1332.

The petitioners/defendants (hereinafter "defendants") have also filed a motion to dismiss the complaint based on lack of personal jurisdiction. Fed.R.Civ.P. 12(b). In the alternative, the defendants move this Court to transfer this action to another venue, the United States District Court for the Northern District of Illinois. 28 U.S.C. § 1404. The plaintiff has responded to these motions in a timely fashion.

Finally, the defendants have filed a motion to strike the plaintiff's supplemental memorandum.

FACTS

### 1. *The parties*

Since January 1, 1986, the plaintiff has been a citizen of Florida, residing in West Palm Beach. *See*, Affidavit of Thomas W. Hill ("Hill Aff."), Exhibit C, at paragraph 4. The plaintiff is an attorney and member of the New York, District of Columbia and Florida bars, as well as being licensed to practice law in the Sultanate of Oman, and Dubai. Hill Aff., Exhibit C, at paragraph 5.

The defendant law firm is an Illinois partnership with offices in Illinois, California, Connecticut, the District of Columbia, Indiana, Maryland, Michigan, New Jersey, Virginia, England, Japan and Singapore. The individual defendants are all Illinois citizens. Petition for Removal, paragraph 2.

### 2. *The Contract*

The plaintiff was a partner in the defendant law firm from October, 1981 to December, 1985. On January 1, 1986, while in Dubai, United Arab Emirates, the plaintiff entered into a consulting contract with the defendant law firm. *See* Plaintiff's Complaint ("Complaint"), paragraphs 9–11.

The contract called for the plaintiff to be paid an annual retainer of $75,000.00 for five years. For that five year period, the plaintiff would be "on call" to the law firm, conducting no business other than that requested by the law firm. The contract stated that the plaintiff could not practice law for clients other than those at the law firm without the permission of the law firm. The contract further stated that any clients originated by the plaintiff would be the clients of the law firm. *See* Complaint, Exhibit A.

The plaintiff states that negotiations surrounding the contract in question initially took place in New York. Hill Aff., Exhibit C, at paragraph 7. The plaintiff signed the contract while in Dubai, and returned the

contract to the defendants in Chicago. *Id.* The plaintiff believed his performance under the agreement was to be in New York, Florida or the Middle East. *Id.* at paragraph 8. The plaintiff did not perform any work in Illinois.

### 3. *The Dispute*

The plaintiff, in his complaint, now states that this agreement restricts his rights to practice law in violation of the Model Code of Professional Responsibility. Further, the plaintiff claims that he cannot now solicit clients he served in the past, or seek to represent new clients. Complaint, paragraphs 11–13.

The defendants claim that they made each payment of $75,000.00. After receiving threats of a lawsuit from the plaintiff, the defendants filed a declaratory action in the United States District Court for the Northern District of Illinois on December 14, 1990. The action seeks a judgment that the defendants have performed all of their duties. Memorandum in Support of Defendant's Motion to Dismiss ("Defendants' Memo"), p. 2.

The payments to the plaintiff were made from the defendants' Chicago office. The plaintiff attended partnership meetings in Chicago, and met with the firms's management committee in Chicago. Defendants' Memo, p. 3.

### 4. *Sidley & Austin's Florida connection*

The defendants contend that when they have rendered legal services in Florida, they have been required to be admitted *pro hac vice.* The defendants further maintain that they have no office, telephone listing, mailing address, business agent, bank account, property or assets in Florida, and that they do not solicit business in Florida. Defendants' Memo, p. 6.

The plaintiff however, states that he was encouraged to solicit business in Florida. The plaintiff also states that the law firm performed services for its clients in Florida from time to time, as evidenced by firm records. Hill Aff., par. 11.

## DISCUSSION

### 1. *This Court does not have jurisdiction over this matter.*

■ The determination of personal jurisdiction over a nonresident involves a two-step analysis. First, this Court must determine whether Florida's long-arm statute is applicable. Second, this Court must then determine if minimum contacts exists between the nonresident and the forum state to satisfy due process requirements. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990).

#### a. Florida's long-arm statute

Florida Statute § 48.193(2) provides in pertinent part that "[a] defendant who is engaged in substantial and not isolated activity within this state ... is subject to the jurisdiction of the courts of this state...." Fla.Stat.Ann. § 48.193(2). Section 48.-193(1)(f) grants a court jurisdiction over a nonresident who injures a person within the State of Florida, through activities outside of Florida if the nonresident solicited business in Florida. Fla.Stat.Ann. § 48.193(1)(f).

The plaintiff has alleged, and the defendants have admitted, that the defendant law firm has been admitted *pro hac vice* on several occasions to practice law in the state of Florida. The plaintiff further states that he was encouraged by the defendants to solicit Florida business. Florida's long-arm statute, therefore, is applicable to this action.

#### b. The defendants' due process would be violated should they be subject to this Court's jurisdiction

To consider whether jurisdiction over the defendants comports with due process requirements this Court must next determine whether the defendants have established "minimum contacts" in Florida. Thereafter, this Court must consider whether the exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." *Madara,* 916 F.2d at 1514.

**934**

*(1) Minimum contacts*

■ To establish minimum contacts, this Court must find that the defendants have purposefully directed their activities to the plaintiff and that the resulting litigation arise out of those activities. The defendants should reasonably anticipate being haled into a Florida court. *Cable/Home Communication v. Network Productions*, 902 F.2d 829, 857 (11th Cir.1990) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The defendant must enjoy the privilege of conducting activities within the forum state, including the benefits of that state. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Parties who create contractual obligations with citizens in another state may be "subject to regulations and sanctions for the consequences of their actions" in that state. *Burger King*, 471 U.S. at 473, 105 S.Ct. at 2182. In determining whether this contractual dispute establishes minimum contacts on behalf of the defendants, this Court must evaluate the prior negotiations concerning the contract, the contemplated future consequences of the contract, the terms of the contract and the parties' interactions. *Id.* at 478–479, 105 S.Ct. at 2185–2186.

The Court has found that no case directly governs a dispute between an attorney and his former law firm. Two decisions of the United States Court of Appeals for the Eleventh Circuit, however, are helpful.

In *Complete Concepts, Ltd. v. Gen'l Handbag Corp.*, 880 F.2d 382 (11th Cir. 1989), the court held that a single meeting concerning a contract in a forum state may establish minimum contacts if the meeting was significant and material in terms of the actual contract. The court reasoned that a single meeting regarding the execution of a "boiler-plate contract" would not be enough to establish minimum contacts for due process purposes. *Id.* at 388.[1]

In *Johnston v. Basil*, 802 F.2d 418 (11th Cir.1986), the defendant recruited the plaintiff in the forum state for work to be done outside of the forum state. The defendant did not reside in the forum state, did not have an office in the forum state, had no telephone, telephone listing, post office box, street address, bank account, customers, income or real property in the forum state. *Id.* at 419–420. The court held that because the only contact the defendant had with the forum state was the instance the defendant entered the state to recruit the plaintiff, and because all of the significant events leading to the contract occurred outside of the forum state, minimum contacts were not established. *Id.* at 420–421.

In the instant action, the defendants did not contract with the plaintiff in Florida. All negotiations were outside of Florida. The contract did not call for Florida services. The plaintiff did not become a citizen of Florida until after the contract was signed.

The defendants did mail payments to the plaintiff in Florida, and much correspondence was exchanged between Illinois and Florida. However, the contract was entered into with the intention of the plaintiff performing legal services in many locations. The plaintiff has stated that one of those locations includes Florida, but the contract does not echo that argument. At the time of the contract, the plaintiff was in the Middle East. It could not be reason-

---

1. This case involved a contract between the manufacturer of ladies handbag and a company that markets the handbags. The dispute covered a breach of the contract to make commissions payments. The manufacturer visited the forum state for contract negotiations, and made subsequent tours to the forum state to view facilities. *Id.* at 384–385.

   The manufacturer had no other ties to the forum state other than the trip to negotiate the contract. There was no evidence of subsequent negotiations between the parties. *Id.* at 388–389.

   The manufacturer, however, did mail commission checks into the forum state, place orders in the forum state, and corresponded regularly in the forum state. The court held that due to the continued activity in the forum state, the manufacturer could reasonably anticipate being haled into court in the forum state. *Id.*

ably anticipated that legal services were to be performed in Florida.[2]

As stated, the defendants maintain that they have no office, telephone listing, mailing address, business agent, bank account, property or assets in Florida, and that they do not solicit business in Florida.

The defendant law firm admits that it has performed legal services in Florida. Were this an action involving a suit arising out of legal services performed for a client within the State of Florida, the performance of such services might subject the defendants to the jurisdiction of the Florida courts. The performance of any legal services for clients (1) by the defendant law firm (2) in Florida are not an issue in this case. The legal services were *sporadic*, not regular or continual.[3]

The Court, therefore holds that the defendants can not be subject to personal jurisdiction.

### (2) *Fair play and substantial justice*

At this stage, the defendants must establish additionally that it would be unreasonable to subject them to this Court's jurisdiction. *Burger King*, 471 U.S. at 477–478, 105 S.Ct. at 2185. In this regard, the Court must consider the burden on the defendants, the interests of the forum state, and the plaintiff's interest in obtaining relief. *Asahi Metal Ind. v. Superior Court of California*, 480 U.S. 102, 115, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92 (1987).

The foregoing considered, the Court finds that it would be unreasonable to subject the defendants to this Court's jurisdiction as this lawsuit involves: (1) a contract entered into outside of the state of Florida; (2) signed by the defendants in Illinois; (3) with payments from Illinois; (4) with any potential payments to the plaintiff from the defendant to likewise come from Illinois; and (5) involving a number of citizens of Illinois who reside in the Northern District of Illinois. The plaintiff's interests, will not be impaired if this matter, therefore, be heard in Illinois, the state wherein the defendants reside, where the contract was executed, and where payments under the contract were made.

---

**2.** *See also, Borg–Warner Acceptance Corp. v. Lovett & Tharpe*, 786 F.2d 1055, 1062 (11th Cir. 1986) (isolated contact with forum state and performance of contract in forum state not enough to establish personal jurisdiction); *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) (shipment of goods into forum state insufficient to justify an exercise of impersonam jurisdiction over the nonresident shipper. The court also found that the contract negotiations were insufficient to be characterized as "purposeful activities", and that the agreement to mail payments into the forum state, subsequent telephone calls and mailings into the forum state were similarly insufficient for the court to assert personal jurisdiction); *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026 (5th Cir.1983), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 561 (1984) (nonresident purchaser of goods not subject to personal jurisdiction because the contract was not to be performed in the forum state, and any communications surrounding the contract were not "purposeful activities"); *Scullin Steel Co. v. Nat'l Railway Utilization Corp.*, 676 F.2d 309 (8th Cir. 1982) (nonresident buyer not subject to personal jurisdiction in forum state for breach of contract as the nonresident had never been to the forum state, was not authorized to do business in the forum state, had no office, employees or agents in the forum state, owned no real property in the forum state, yet merely mailed payments under the contract to the forum state and communicated through the telephone and mails to the forum state); *Lakeside Bridge & Steel Co. v. Mountain State Construction Co.*, 597 F.2d 596 (7th Cir.1979), *cert. denied*, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980) (nonresident not subject to personal jurisdiction when no place of business, property, bank deposits, or telephone in the forum state, never sent any officer or agent into the forum state, did not enter into additional contracts in the forum state, yet merely made telephone calls and corresponded to the forum state in the course of carrying out the contract); *Whittaker v. United Aircraft Corp.*, 482 F.2d 1079, 1084–1085 (1st Cir.1973) (nonresident buyers not subject to personal jurisdiction because there was only one visit to the forum state, only contact with the forum state was the performance of the contract, and the visits to the manufacturing plant in the forum state were "ancillary" and not "substantial").

**3.** *See, e.g. Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244–1247 (7th Cir.1990) (Sporadic legal representation in the forum state enough to establish minimum contacts when the services performed were related to the malpractice claims against the defendant attorneys).

**936**

*2. Venue is proper in the Northern District of Illinois.*

 The defendants have moved this Court to transfer the case to the Northern District of Illinois. 28 U.S.C. § 1404(a).

The Court has determined that it has jurisdiction over this matter based upon the diversity of the parties' citizenship. 28 U.S.C. § 1332. When the court's jurisdiction is founded only on diversity of citizenship, venue may lie in the forum where all the plaintiffs or all the defendants reside, or where the claim arose. 28 U.S.C. § 1391(a). As all defendants are Illinois citizens, this action may be brought there.

The Court has reviewed the petition for removal, the defendants' motion to dismiss for lack of personal jurisdiction, the defendants' motion to transfer, the defendants' motion to strike, the record, and the being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

1. That pursuant to 28 U.S.C. § 1441, *et seq.* defendants' motion be GRANTED and this case shall stand REMOVED to this federal forum;

2. That the defendants' motion to dismiss for lack of personal jurisdiction in the United States District Court for the Southern District of Florida is GRANTED, the Court finding that the appropriate jurisdiction may be, or is, in the United States District Court Judge for the Northern District of Illinois; and

3. That the defendants' motion to transfer this matter to the United States District Court for the Northern District of Illinois be GRANTED, and the Clerk of this Court is hereby directed to transfer this case to the United States District Court for the Northern District of Illinois;

4. The defendants' motion to strike be DENIED as moot.

DONE AND ORDERED.