611 So.2d 581 (1992)
FOSTER, PEPPER & RIVIERA, Appellants,
v.
Donald R. HANSARD and W.F. Lindsey, Appellees.
No. 92-818.
District Court of Appeal of Florida, First District.
December 31, 1992.
Hume F. Coleman and Susan L. Turner of Holland & Knight, Tallahassee, for appellants.
William Scott Lindsey of Lindsey & Williams, P.A., Tallahassee, for appellees.
SMITH, Judge.
Foster, Pepper & Riviera n/k/a Foster Pepper & Shefelman, a law firm based in Seattle, Washington, appeals an order denying *582 its motion to dismiss or abate for lack of personal jurisdiction. The alleged basis of personal jurisdiction over Foster Pepper is that the law firm prepared a crucial part of a private placement memorandum which was used by third parties in Leon County to sell limited partnership units in a Pennsylvania ornamental evergreen tree farm to appellees, Tallahassee residents. We find that Foster Pepper's sole act of preparing a part of the private placement memorandum, in the absence of any other contacts with Florida or the purchasers of the securities, was insufficient to constitute engaging in business in Florida for purposes of long-arm jurisdiction. Moreover, subjecting Foster Pepper to Florida jurisdiction under these circumstances does not satisfy the minimum contacts requirements of due process. We reverse.
Hansard and Lindsey, plaintiffs, brought this action alleging that Lindsey purchased one and Hansard purchased one-half limited partnership units in a tree farm five years ago. They now seek a refund of the purchase price and damages, and have named as defendants a number of entities, including Foster Pepper, which acted as securities counsel for the limited partnership. The allegations of the complaint pertinent to the jurisdictional issue follow: Foster Pepper, a partnership organized under the laws of the State of Washington, had a crucial role in preparing the private placement memorandum; plaintiffs relied upon the private placement memorandum in purchasing their limited partnership units; plaintiffs were offered and were sold the limited partnership units and signed all pertinent documents concerning the purchase in Leon County, Florida; Foster Pepper, as securities counsel, was under certain due diligence requirements in preparing and reviewing the offering documentation, and personally participated or aided in making the sale of limited partnership units to the plaintiffs. The complaint alleged further that Foster Pepper, in connection with the offer and sale of securities to the plaintiffs, omitted to state material facts regarding plaintiffs' investments, and that Foster Pepper provided professional legal services indirectly paid for by plaintiffs.
Foster Pepper filed a motion to dismiss or abate for lack of personal jurisdiction, supported and verified by affidavit of one of its partners, alleging that it has not in the past and does not presently operate, conduct, engage in, or carry on a business or business venture in Florida, and that it does not maintain an office, agency or business organization in Florida. It alleged that it is not licensed in Florida and has no permit or other certificate of authority issued by Florida; that it does not own, use, or possess any real or personal property in Florida; that none of its legal work as securities counsel to the limited partnership was performed in Florida, and that it did not participate in the sale of the units of the limited partnership. It alleged also that it had no contacts whatsoever with the plaintiffs, nor with any other purchaser or prospective purchaser of the investment units, and that neither Foster Pepper nor any of its partners or associates had any contacts with Florida in any way related to the subject matter of this action.
The parties agree that the applicable long-arm statute is section 48.193(1)(a), Florida Statutes (1989), which provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state ...
In order to constitute doing business under this statute, the nonresident defendant's activities must be considered collectively and show a general course of business activity in the state for pecuniary benefits. Dinsmore v. Martin Blumenthal Assoc., Inc., 314 So.2d 561, 564 (Fla. 1975). Foster Pepper's act of preparing a private placement memorandum in Seattle, *583 without more, does not show a general course of business activity in Florida for pecuniary benefit. We have not overlooked the holding of Wm. E. Strasser Constr. Corp. v. Linn, 97 So.2d 458, 460 (Fla. 1957) that the doing business requirement of the statute may be satisfied by doing a single act for the purpose of realizing pecuniary benefit with the intention of thereby initiating a series of such acts. While Foster Pepper may have engaged in a single act of preparing, in part, the private placement memorandum, the "series of acts" which followed consisting of the sales to investors were performed by other parties, the brokers, and Foster Pepper had nothing to do with these sales.
In upholding personal jurisdiction, the trial court relied upon two cases, Durham v. Palm Court, Inc., 558 So.2d 59 (Fla. 4th DCA 1990), and Skurnick v. Ainsworth, 591 So.2d 904 (Fla. 1991). We find both of these cases distinguishable, and therefore not controlling. In Skurnick, the nonresident defendant was a securities broker, not securities counsel, and the facts revealed extensive and direct contact by the broker with the plaintiff in Florida. The securities sales extended over a period of several years, and were arranged and consummated through repeated correspondence and phone calls between the broker in New York and the plaintiff in Florida. Given those facts, the broker was held to have engaged in a course of activity in Florida for the purpose of making sales to the plaintiff in Florida, so as to invoke section 517.12, Florida Statutes, requiring the broker to register in Florida. In contrast, appellees in the case before us had no contact with Foster Pepper and Foster Pepper had no contacts in Florida.
In Durham v. Palm Court, Inc., the question was whether an accounting firm, which was not in privity with investors, could be sued by those investors because of negligent preparation of a market report and financial projections for a private placement memorandum. That case deals with issues of liability, not in personam jurisdiction.
The trial court was understandably concerned with the ability of Florida residents to obtain redress in the event they are able to prove securities fraud. However, issues pertaining to the ability to state a cause of action and impose liability are independent from the issue of whether the court has in personam jurisdiction. In reversing the trial court's order, we are not ruling that appellees cannot state a cause of action against Foster Pepper. Our ruling is confined to the issue of whether Florida can require Foster Pepper to defend this action in the Florida courts.
Finally, the analysis of Florida's longarm statute aside, Foster Pepper did not knowingly and intentionally involve itself in the Florida market or purposefully avail itself of the Florida market or the benefits of Florida business, and could not have reasonably anticipated being haled into court in Florida under the circumstances. Based upon the facts before the court, it has been established as a matter of law that Foster Pepper lacks sufficient minimum contacts with Florida to meet the constitutional due process requirements entitling Florida to exercise personal jurisdiction over this nonresident defendant. China Products Northwest v. D.J. Broesamle, 535 So.2d 619 (Fla. 1st DCA 1988). See also Weiss v. Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A., 85 App.Div.2d 861, 446 N.Y.S.2d 447 (3d Dept., 1981).
REVERSED and REMANDED with directions that this cause of action be dismissed as to Foster Pepper for lack of jurisdiction.
WIGGINTON and WOLF, JJ., concur.