DAUKSCH, Judge.
This is an appeal from the trial court’s interlocutory order denying appellants’ motion to dismiss for lack of in personam jurisdiction. We find that there is a lack of competent substantial evidence to support the trial court’s ruling and reverse.
Appellee filed an amended complaint in which he charged both appellants with fraudulent inducement. In addition, he charged appellant Fasco Controls with *1030 breach of contract and defamation. In his jurisdictional allegations he stated that:
5. FASCO CONTROLS CORPORATION, (hereinafter referred to as “Fasco Controls”) is a two hundred and twenty million dollar gross sales corporation organized and existing under the laws of the State of New York ... and does business in the State of Florida by exercising substantial operational and financial control over ELECTRO and LAZERDATA, through numerous and frequent trips and business contacts in the State of Florida by its officers and directors.
7. HAWKER SIDDELEY GROUP LIMITED, (hereinafter referred to as “Hawker Siddeley”) is a two and a half billion dollar gross sales British corporation at all times material to this action doing business in Florida, by ultimate ownership of Electro Corporation and Lazerdata Corporation and does business in the State of Florida by exercising substantial operational and financial' control over FASCO, FASCO CONTROLS, ELECTRO AND LAZER-DATA, through numerous and frequent trips and business contacts in the State of Florida by its officers and directors.
In response, appellants filed a motion to dismiss for lack of jurisdiction, which the court denied. The trial court determined the allegations substantially tracked the language of the long-arm statute, section 48.193(l)(f)(2). Further, paragraph 54 of the complaint alleged that the defendants, through their executives, slandered appellee during meetings with Lazerdata employees. Paragraph 42(b) allowed one to infer that Lazerdata is located in Orlando.
The first issue is whether appellee’s use of the phrase “does business” is sufficient to be considered a tracking of the statutory language.[1] Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). Appellee cites several cases for the proposition that the phrases are equal. In Foster, Pepper & Riviera v. Hansard, 611 So.2d 581 (Fla. 1st DCA 1992) the court utilized the phrase “doing business” to condense the language of section 48.193(l)(a). Id. at 582. Likewise, in Citi-corp Ins. Brokers (Marine), Ltd. v. Charman, 635 So.2d 79 (Fla. 1st DCA 1994), the court again summed up the language of 48.193(l)(a) as “conducting business.” Id. at 81.
Appellants correctly point out that neither of these cases involve the issue of jurisdictional pleading. The supreme court in Venetian Salami opined that a plaintiff has the option of pleading the supporting facts or pleading the language of the statute. Venetian Salami, 554 So.2d at 502. This does not include summing up the statutory language in a phrase is not included in the statute such as “doing business”.
The second issue is whether appellee alleged sufficient facts to establish connexity. This requires that the cause of action arise from doing business in Florida or have connection with a specific act in Florida. We conclude that appellee did not plead sufficient facts to demonstrate the causes of action arose from doing business in Florida. Appellee, relying on this court’s decision in Arthur v. Arthur, 543 So.2d 349 (Fla. 5th DCA 1989), maintains that we can infer the causes of action in this case arose from doing business in Florida or have a special connection with a specific act in Florida.
*1031 The appropriate standard of review for this court is whether there is competent substantial evidence to support the trial court’s jurisdictional finding. See Hardy v. Sanyei Hong Kong, Ltd., 448 So.2d 1215, 1216 (Fla. 4th DCA), rev. den., 458 So.2d 272 (Fla.1984); Beckham v. Holborn, 330 So.2d 101, 102 (Fla. 1st DCA 1976). Inferences cannot be the basis for upholding a trial court’s jurisdictional finding. Appellee’s argument that such allegations can be inferred is a tacit admission that there is a lack of specificity.
Finally, appellee contends that he has sufficiently pled the “alter ego” theory to support jurisdiction. In order to sustain such an allegation, appellee must show appellants engaged in fraudulent conduct. The complaint clearly alleges Fasco Industries (not the same company as Fasco Controls) engaged in such activities but does not state appellants Fasco Controls or Hawker Sidde-ley did. Further, appellee fails to show that any of the subsidiaries was formed for an improper purpose as required by the alter ego doctrine. Nichols v. Paulucci, 652 So.2d 389 (Fla. 5th DCA 1995).
REVERSED and REMANDED.
HARRIS J., concurs.
GOSHORN, J., concurs in result.

. The relevant statutory language of section 48.193, Florida Statutes (1995) says:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) operating, conducting, engaging in, or carrying on a business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
(f) Causing injury to persons or property within this state arising out of n act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. the defendant was engaged in solicitation or service activities within this state; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this-state.