751 So.2d 82 (1999)
Marvin I. HOROWITZ & Horowitz & Gudeman, P.C., Appellant,
v.
Edward LASKE & Ruth E. Laske, etc., Appellees.
No. 98-1944.
District Court of Appeal of Florida, Fifth District.
December 17, 1999.
*83 Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for Appellant.
Robert E. Austin, Jr. and Bradford D. Fisher of Austin & Pepperman, P.A., Leesburg, for Appellees.
THOMPSON, J.
Marvin Horowitz, a Michigan attorney, and Horowitz & Gudeman, P.C. (collectively, "Horowitz"), a Michigan law firm, third-party defendants below, appeal from a non-final order denying a motion to dismiss the third-party complaint for lack of personal jurisdiction. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). Because Horowitz's acts are insufficient to subject Horowitz to Florida's long-arm jurisdiction under Section 48.193, Florida Statutes, we reverse.
Edward and Ruth Laske (collectively, "Laske"), individually and on behalf of similarly situated individuals, filed a class action against Bernard Wendt ("Wendt"). Laske contends that Wendt played an active role as a broker and a promoter for the sale of K.D. Trinh Investments, Inc. ("K.D.Trinh") notes, which turned out to be worthless. Laske alleges that the sale of the notes violated security laws. Wendt, in turn, filed his third-party complaint, and then an amended third-party complaint, against several parties, including Horowitz. Horowitz had been retained by K.D. Trinh as outside counsel to advise K.D. Trinh, a Canadian corporation, on a number of matters pertaining to the sales of these notes and other securities matters in the United States. Wendt alleged that he relied to his detriment on legal advice given by Horowitz.
Marvin Horowitz is a non-resident attorney and Horowitz & Gudeman, P.C. is a non-resident law firm. To determine whether nonresident defendants are subject to the jurisdiction of Florida's courts, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Section 48.193, Florida Statutes. If it does, the following inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989)(quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)); Texas Guaranteed Student Loan Corp. v. Ward, 696 So.2d 930, 932 (Fla. 2d DCA 1997); see also Hill v. Sidley & Austin, 762 F.Supp. 931, 933 (S.D.Fla.1991)(citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)).
The amended third-party complaint, in order to establish in personam jurisdiction, alleged that:
4. Horowitz is an attorney who was at all times material hereto licensed to practice law, held himself out as an attorney *84 knowledgeable in commercial and securities laws, and;
(a) Engaged in a business in the State of Florida, that being the practice of law, by (1) representing a foreign corporation and a Florida resident with respect to an investigation by a state administrative agency, more particularly by responding through written and telephonic communications to the Division of Securities regarding the investigation by the Division of Securities concerning the alleged sale of unregistered securities by K.D. Trinh to Florida residents, (2) giving advice purposely directed toward Florida residents and communicating by mail and wire with Florida Residents [sic] regarding the legality of K.D. Trinh's financing program, (3) drafting loan documents that were knowingly intended by him to be evidence of loans to be made by Florida residents to K.D. Trinh, and (4) drafting agency agreements for execution by K.D. Trinh and its Florida agents relating to K.D. Trinh's financing program;
(b) Committed a tortious act in Florida by (1) negligently responding in writing to an investigation by the Division of Securities relating to the alleged sale of unregistered securities and (2) negligently drafting loan documents that were knowingly intended by him to be evidence of loans to be made by Florida residents to K.D. Trinh without appropriate consideration being given to Florida securities laws and restrictions on allowable interest, all of which resulted in Florida residents' sustaining personal injuries and monetary losses and being subjected to administrative, civil, and criminal proceedings; and
(c) Caused personal injury to persons within the state of Florida arising out of acts or omissions by him outside of the State of Florida while he was engaged in service activities in the State of Florida; more particularly, he negligently advised K.D. Trinh with respect to the legality of the loans made and to be made by Florida residents and the related notes and negligently responded to the investigation by the Division of Securities relating to those loans and notes, all of which resulted in Florida residents' [sic] sustaining personal injuries and monetary losses and being subjected to administrative, civil, and criminal proceedings.
5. Horowitz-Gudeman is a Michigan professional corporation which through its agent Horowitz held itself out as a law firm knowledgeable in commercial and securities laws and which through its agent Horowitz engaged in the activities and committed the acts described in paragraph 4 hereof.
"In order to challenge allegations in a complaint regarding jurisdiction or the sufficiency of minimum contacts, a defendant must file affidavits to support its position." Texas Guaranteed Student Loan Corp. v. Ward, 696 So.2d 930, 932 (Fla. 2nd DCA 1997) (citing Venetian Salami, 554 So.2d at 502). In support of its motion to dismiss for lack of personal jurisdiction, Horowitz filed an affidavit in which Marvin Horowitz averred that: he was a resident of the State of Michigan; was duly licensed to practice law in Michigan; had never been a resident of the State of Florida; had never solicited or conducted personal business within the State of Florida; his contacts with any party or entity in the State of Florida had been on behalf of a client or employer and those contacts had only involved telephonic or mail correspondence and never involved travel to Florida; that he had not traveled to Florida within the past eight years; he had never knowingly received any compensation directly from a Florida resident or entity or a non-Florida resident or entity while that party was in Florida. The affidavit reiterated these same claims as to his law firm. This affidavit refuted the allegations made in the Third-Party First Amended Complaint.
*85 The burden thus shifted to Wendt to prove by affidavit the basis for jurisdiction. After a limited hearing on Horowitz's motion, Wendt submitted materials, including deposition transcripts, for the trial court to consider in making its ruling. These transcripts and records reveal that Horowitz did have some scant contact with parties and entities within the state of Florida during 1994 and 1995, due to the two inquiries made by the state regarding whether K.D. Trinh was selling unregistered securities. These materials also indicated that Horowitz prepared certain loan documents for K.D. Trinh which K.D. Trinh then used in Florida.
The contacts as to the first state inquiry, which arose in mid-1994, included: a letter on June 17, 1994 from Horowitz to George Hermann, a Florida-based K.D. Trinh broker, reassuring Hermann regarding the State's inquiry into the nature of the K.D. Trinh notes; a phone call from Horowitz to Hermann[1] on June 20, 1994; a letter on July 7, 1994, to Lynn Chang, an investigator for the Florida Department of Banking and Finance, regarding the State's inquiry into K.D. Trinh; and some follow-up phone calls of this same nature to Lynn Chang.
The contacts as to the second state inquiry, which arose in early 1995, were similarly brief and insubstantial. These contacts consisted of a series of brief letters and phone calls as to this inquiry, primarily to Marsha Perkins, a financial investigator in the Office of the Comptroller for the state. Horowitz made one phone call to Wendt regarding this second inquiry in March, 1995. Also, at K.D. Trinh's request, Horowitz reviewed a subpoena Wendt received from the state during this second inquiry.
The trial court denied the motion to dismiss for lack of in personam jurisdiction. The trial court did not, however, indicate which section of Florida's longarm statute Horowitz's conduct met. Wendt's jurisdictional allegations set out above contend that the court had personal jurisdiction by virtue of sections 48.193(1)(a), 48.193(1)(b), and 48.193(1)(f)(1), Florida Statutes. On appeal, however, the parties agree that resolution of the jurisdictional question centers on whether Horowitz engaged in a business venture under section 48.193(1)(a), or committed a tortious act within the state of Florida pursuant to section 48.193(1)(b). We will apply these two provisions to the facts in turn.
Section 48.193(1)(a), Florida Statutes, provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state....
"In order to constitute doing business under this statute, the nonresident defendant's activities must be considered collectively and show a general course of business activity in the state for pecuniary benefits." Foster, Pepper & Riviera v. Hansard, 611 So.2d 581, 582 (Fla. 1st DCA 1992)(citing Dinsmore v. Martin Blumenthal Assoc., Inc., 314 So.2d 561, 564 (Fla. 1975)). Brief phone calls and letters initiated in Michigan and performed wholly in Michigan, and the preparation of loan documents, all done on behalf of a Canadian client doing business in Florida, does not amount to a general course of business activity in Florida by Horowitz. Compare *86 Foster, Pepper & Riviera, 611 So.2d at 582-583 (holding that securities counsel's single act of preparing a private placement memorandum in Seattle which was used in Florida does not, without more, show a general course of business activity in Florida for pecuniary benefit) with Windels, Marx, Davies & Ives v. Solitron Devices, 510 So.2d 1177, 1178-79 (Fla. 4th DCA 1987)(stating that trial court, based on Section 48.193(1)(a), Florida Statutes, could conclude it had personal jurisdiction over the out-of-state defendant law firm, based on its substantial activities in Florida, which included handling a tax case in Florida, actually performing work in Florida, and negotiating a loan in Florida). As another court has recently said in granting dismissal for lack of personal jurisdiction, "[w]ere this an action involving a suit arising out of legal services performed for a client within the State of Florida, the performance of such services might subject the defendants to the jurisdiction of the Florida courts." Hill, 762 F.Supp. at 935. Regrettably for Wendt, however, that is not the case here.
Section 48.193(1)(b) does not give the trial court personal jurisdiction over Horowitz, either. That section provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(b) Committing a tortious act within this state.
The "tortious acts" alleged here, negligently responding to the state of Florida regarding the sale of K.D. Trinh's unregistered securities and negligently drafting loan documents for use by K.D. Trinh, a Canadian corporation, for use in its Florida business activities, were not committed in the state of Florida as required by the plain language of the statute. See Thompson v. Doe, 596 So.2d 1178, 1180-81 (Fla. 5th DCA 1992), affirmed on other grounds 620 So.2d 1004 (Fla.1993); McLean Financial Corp. v. Winslow Loudermilk Corp., 509 So.2d 1373, 1374 (Fla. 5th DCA 1987)(citing Freedom Savings and Loan Ass'n v. Ormandy & Associates, Inc., 479 So.2d 316 (Fla. 5th DCA 1985)); April Industries, Inc. v. Levy, 411 So.2d 303 (Fla. 3d DCA 1982). Rather, if committed at all, these acts were committed in Michigan.
Because Wendt has not met his burden and established jurisdiction under Florida's long arm statute, we do not reach the second inquiry as to whether `sufficient minimum contacts' have been demonstrated to alleviate due process concerns.
REVERSED AND REMANDED for proceedings consistent with this opinion.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] Contrary to the allegations in the Third-Party First Amended Complaint, there is little, if any, evidence to support the contention that Horowitz represented any Florida resident. If this vague reference was to Hermann, the evidence indicates that Hermann had his own attorney in Florida.