PER CURIAM.
These consolidated appeals of plaintiffs are from a non-final and a final order dismissing their second amended complaint against Laribee Machine Company, Inc., a nonresident New York corporation, on the ground of lack of personal jurisdiction over the defendant under Sections 48.181 and 48.193(l)(f), Florida Statutes (1977).
The complaint was filed in the Circuit Court of Dade County, Florida in an action by plaintiffs, husband and wife, against Laribee Machine Company wherein it was alleged that Dagoberto Sanchez was injured when a machine manufactured by the defendant threw a loose wire and struck him in the eye. The machine was on the premises of Sanchez’ employer in Florida when the injury occurred.
There were allegations in the complaint relative to jurisdiction which stated that at all times material to the cause Laribee was a New York corporation authorized and licensed and/or doing business in the State of Florida and subject to the jurisdiction of the Courts of Florida.
In the alternative it was alleged that Laribee was engaged in the solicitation of business and sales and/or performed service activities in the State of Florida; that the high speed wire buncher manufactured and sold by Laribee was used in the State of Florida and said use caused the injuries complained of by the plaintiffs.
The defendant moved to dismiss the complaint on jurisdictional grounds and supported its motion by discovery and affidavits of its officers and employees. It was shown therefrom that Laribee is a small family owned company with over 30 years experience in manufacturing wire bunching machines and related products; that Lari-bee’s machines are handcrafted and assembled one at a time at Laribee’s only facility which consists of an old pre-1900 factory building and newer addition of about 11,000 square feet combined,' located in Camden, New York; that it has 18 employees; that it has no presence within or contacts with Florida. It neither owns nor leases real or personal property in Florida. It has no officers, agents or employees in Florida and does not conduct business in Florida by or through means of brokers, jobbers, wholesalers, distributors or the like. It does not have an office in Florida. It does not have telephone or business listings in Florida, does not have a mailing address in Florida, does not advertise in Florida, does not have security interests in or retain title to goods or products in Florida and does not make deliveries in Florida. It has never solicited business in Florida or elsewhere. Instead, it relies upon word of mouth promotion of its product and upon its customers to call for re-orders when need arises.
The Laribee wire buncher machine purchased by the employer of the injured plaintiff was bought in New York and delivered F.O.B. Camden, New York. Laribee’s first sale to a Florida customer was in 1972. From 1972 through November, 1979 its total sales were $4,648,924, of which $69,922 or 1.5 percent were to Florida customers. All of its sales were and are made in New York and shipped to its customers F.O.B. Camden, New York. It has not purposely availed itself of the privileges of carrying on business activities in Florida.
Laribee denies that it employs any procedure whereby it solicits new business. However, the manual for the buncher contains a full page advertisement of the machine purchased. It also invites the purchaser, in bold-faced type, to: “Write or phone for more information on our complete line of simplified wire manufacturing machines — Rod Breakdown — Intermediate & Fine Wire Drawing Machines — Stran- *1066 ders — Annealing Equipment — Spoolers— Tinning Machines — Stringers—Take-Ups— Pay-Offs — Bobbin Winders — Respoolers— Flyers — Traverses[.]” There is also a statement in the advertisement that Laribee has had “50 years experience with bare copper wire fabricating equipment[.]”
The trial court considered the defendant’s motion to dismiss the plaintiffs’ second amended complaint. After hearing on defendant’s motion to dismiss and its evidence in support thereof, the trial court granted the defendant’s motion, with prejudice, on the ground of lack of jurisdiction of the Courts of Florida over Laribee corporation.
We think that the trial court erred in entering the order of dismissal, therefore we must reverse.
It appears from the record that the defendant’s own evidence, which it adduced in support of its motion to dismiss, when viewed in the light of Ford Motor Company v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.1981),[1] clearly shows that its actions and conduct made it amenable to service of process under the Florida long arm statutes. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Ford Motor Company v. Atwood Vacuum Machine Co., supra; Pennington Grain & Seed, Inc. v. Murrow Brothers Seed Co., Inc., 400 So.2d 157 (Fla. 1st DCA 1981); Jacobson Manufacturing Co. v. Cross Manufacturing Co., 396 So.2d 825 (Fla. 4th DCA 1981); Section 48.193, Florida Statutes (1977).
Reversed and remanded for further proceedings.

. Decided after the trial court’s ruling in this case.