444 So.2d 529 (1984)
CANRON CORPORATION, a Foreign Corporation, D/B/a Tamper, Appellant,
v.
Thelma HOLT, As Personal Representative of the Estate of Melvin E. Holt, Deceased, for the Use and Benefit of Thelma Holt, Surviving Spouse, Melvin E. Holt, II, a Minor, and Alejandro Brown, a Minor, Surviving Sons, Appellees.
No. AT-182.
District Court of Appeal of Florida, First District.
January 24, 1984.
William E. Kuntz and E. Lanny Russell of Smith & Hulsey, Jacksonville, for appellant.
Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Beckman & McAliley, P.A., Jacksonville, for appellees.
Joseph P. Milton of Howell, Liles, Braddock & Milton, Jacksonville, for amicus curiae Seaboard Coast Line R. Co.
*530 PER CURIAM.
This appeal is brought by the defendant in a products liability action from an order of the trial court determining that it had personal jurisdiction over defendant. We affirm.
At the hearing held on the motion for summary judgment the evidence showed that Canron Corporation (Canron) is a New York corporation with its principal place of business in South Carolina. It is not registered to conduct business in Florida and has no telephones, offices, property, or bank accounts in Florida. However, it regularly solicits business in Florida through direct mail and by sending its sales persons to visit Florida customers. It has an employee who resides in St. Augustine, Florida, whose function is to service equipment sold to its Florida customers. An affidavit filed by co-defendants/amicus curiae, Seaboard System Railroad, Inc., avers that since 1968 Canron has been dealing with Seaboard System Railroad, Inc., and its predecessors in Jacksonville for the purpose of soliciting sales of various railroad-related machinery manufactured by Canron. During that time, Seaboard purchased production tampers, ballast regulators, and undercutters, as well as the trac-gopher involved in the accident out of which this suit arises. The affidavit also listed a number of Canron employees with whom the affiant had dealt over the course of the years and revealed that Canron customarily sends a representative to Florida to train purchasers in the use of equipment that it has sold. Over the years Canron has conducted a number of training sessions in Florida unrelated to any delivery of its products.
While the fatal accident occurred in Georgia, the purchase order for the trac-gopher came from the Jacksonville offices of Seaboard System Railroad, Inc., and the machine was shipped to Seaboard's Tampa facility, at F.O.B. Canron's South Carolina plant.
Canron takes the position that the evidence below was insufficient to show that it is "doing business" in Florida under section 48.193(1)(a), Florida Statutes (1981), and if it was "doing business" in Florida the evidence was insufficient to show that appellee's cause of action "arose from" such activity.
As to Canron's first contention, there was sufficient evidence for the trial court to find that Canron was "doing business" in Florida within the meaning of the statute. Cf. Sanchez v. Laribee Machine Company, Inc., 409 So.2d 1064 (Fla. 3rd DCA 1981).
The evidence demonstrates that among Canron's business activities in the State of Florida was the sale and delivery of the trac-gopher involved in the instant case. There was, therefore, sufficient "connexity" between Canron's business activities in Florida and the cause of action. See, Kravitz v. Gebrueder Pletscher Druckgusswaremfabrik, 442 So.2d 985 (Fla. 3rd DCA 1983); Shoei Safety Helment Corp. v. Conlee, 409 So.2d 39 (Fla. 4th DCA 1981), dismissed, 421 So.2d 518 (Fla. 1982); Lacy v. Force V Corp., 403 So.2d 1050 (Fla. 1st DCA 1981).
The order appealed from is AFFIRMED.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.