PER CURIAM.
We reverse the non-final order under review, which denied the motion to dismiss *1112 below for lack of jurisdiction over the person of the defendant Classic Roadsters, Ltd., upon a holding that it is a denial of due process to subject the above defendant to the jurisdiction of the Florida courts on the unfair competition claim sued upon below. This is so because the defendant could not reasonably anticipate being haled into a Florida court on such unfair competition claim; the claim arose entirely in Minnesota and is not even remotely related to any of its business activities in Florida.
We agree that ordinarily the defendant would be subject to long-arm jurisdiction in Florida under Section 48.193(2), Florida Statutes (1987). The aforesaid statute, however, may not be applied if to do so would constitute, as here, a denial of due process. See Unger v. Publisher Entry Serv., Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988); Scordilis v. Drobnicki, 443 So.2d 411 (Fla. 4th DCA 1984); Osborn v. University Soc’y, Inc., 378 So.2d 873 (Fla. 2d DCA 1979).
The order under review is reversed, and the cause is remanded to the trial court with directions to dismiss the instant claim against the defendant Classic Roadsters, Ltd.
Reversed and remanded.