635 So.2d 79 (1994)
CITICORP INSURANCE BROKERS (MARINE), LTD. and Nelson Hurst Marine Limited, Appellants,
v.
J.R. CHARMAN, a representative underwriter at Lloyd's, London, Appellee.
No. 93-1025.
District Court of Appeal of Florida, First District.
January 20, 1994.
*80 Daniel S. Schwartz and James M. Kaplan of Wilson, Elser, Moskowitz, Edelman & Dicker, Miami, for appellants.
James E. Cobb and Frank A. Ashton of Peek & Cobb, P.A., Jacksonville, for appellee.
DAVIS, Judge.
The appellants appeal from an order of the trial court denying their motion to dismiss for lack of personal jurisdiction. Because the trial court correctly determined that the appellants were conducting business in the State of Florida from which the cause of action arose, we affirm.
The facts are undisputed. In January 1990, Adria Cruise Co, Ltd. (Adria) was the owner of a 164 foot steel-hulled vessel known as the M/V Adria. The M/V Adria was moored in Florida while work was being done on her. Adria requested that its insurance agent, Beale Marine & Casualty, a Jacksonville marine insurance broker, procure agreed value hull insurance for the M/V Adria. Roger Beale, the president of Beale Marine, was unable to procure the coverage locally, so he traveled to London and contacted Citicorp Insurance Brokers, (Marine), Ltd,[1] a London insurance broker, who arranged for the coverage through J.R. Charman, a representative underwriter at Lloyd's London. Subsequently, Citicorp sent Beale Marine in Florida a telefax representing that $4,000,000 in coverage existed for the M/V Adria in the event of total loss; that representation later turned out to be false. When the M/V Adria set sail, she sank off the coast of Florida. Adria sought the $4,000,000 from Charman. Charman was subjected to a lawsuit in which he expended over a million dollars. The present suit was filed by Charman against the appellants under theories of equitable subrogation and wrongful act. Appellants moved to dismiss for lack of personal jurisdiction. The trial court denied the motion.
To subject an out-of-state defendant to the jurisdiction of the Florida courts, two criteria must be met: (1) the defendant must have performed one of the acts in the Florida Long-arm Statute, § 48.193, Florida Statutes (1991), from which the cause of action arises, and (2) the defendant must have sufficient "minimum contacts" with the State of Florida to satisfy principles of due process. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). Appellants do not argue that minimum contacts are lacking. Thus, the only question before the court is whether the appellant performed one of the acts enumerated in section 48.193 from which the cause of action arises.
The appellee asserts that the appellants have subjected themselves to personal jurisdiction by virtue of section 48.193(1)(a), which provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from doing any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
The appellants assert that they have not operated, conducted, engaged in or carried on a business in Florida, and in any event, *81 the cause of action did not arise from any of its activities in the state.
The appellants have no offices or agents in Florida, but engaged in the following activities:
1. Utilizing in the past ten years forty placement brokers to handle American business, which brokers made twenty-four trips to Florida in the five years prior to the complaint.
2. Sending "cover notes" reflecting the insurance coverage procured to Florida Brokers for further transfer to the insured party.
3. Deriving commissions of almost $600,000 in the past five years from within the State of Florida.
4. Sending representatives to Florida on two occasions to directly solicit business from Beale Marine.
5. Responding to a request from Beale Marine by procuring insurance for the M/V Adria for which it charged $30,600.
6. Sending numerous letters and telefaxes back and forth to Beale Marine negotiating coverage for the M/V Adria.
7. Sending a telefax to Beale Marine in Florida incorrectly representing that $4,000,000 in coverage existed for the M/V Adria in the event of total loss.
8. Corresponding with Beale Marine and offering advice and assistance regarding claims handling.
To invoke long-arm jurisdiction over a foreign corporation under section 48.193(1)(a), the activities of the corporation "must be considered collectively and show a general course of business activity in the state for pecuniary benefits." Foster, Pepper & Riviera v. Hansard, 611 So.2d 581, 582 (Fla. 1st DCA 1992). We agree with the trial court that the above activities do constitute conducting business in this state within the parameters of section 48.193(1)(a).
We reject the appellants' argument that they merely engaged in solicitation, which is expressly provided for under subsection (f) of the statute and thus must be excluded under subsection (a).[2] Subsection (f)[3] is not the exclusive basis for jurisdiction over one who regularly solicits business in Florida. The case law indicates that solicitation is one factor the courts consider in deciding whether a company is conducting business in the state. For example, in Canron Corp. v. Holt, 444 So.2d 529 (Fla. 1st DCA 1984), the court held the defendant was "doing business" under section 48.193(1)(a) where it had regularly solicited business in Florida through direct mail and by sending its sales persons to visit Florida customers, had a service representative residing in Florida, and conducted training for its product. See also Milberg Factors, Inc. v. Greenbaum, 585 So.2d 1089, 1091 (Fla. 3d DCA 1991). Subsection (f) provides for personal jurisdiction when a defendant's solicitation activities do not rise to the level of conducting business, but nonetheless result in physical injury to person or property. See generally, Aetna Life & Cas. Co. v. Thermo-O-Disc, Inc., 511 So.2d 992 (Fla. 1987); see also Price v. Point Marine, Inc., 610 So.2d 1339 (Fla. 1st DCA 1992). Thus, contrary to the appellants' position, we do not find that long-arm jurisdiction over one who regularly conducts solicitation activities can only be founded upon subsection (f).
Moreover, we find that the appellants' activities go beyond "mere solicitation." Here the appellants had representatives traveling in the state, visiting various brokerage offices, gaining clients, procuring insurance for those clients, corresponding with the Florida agents regarding their procurement efforts, and collecting over a half a million dollars in commissions. We therefore conclude that the trial court correctly determined that the appellants were conducting business in Florida. See Naviera Mayaca Express S. de R.I. *82 v. Brauer & Assoc., 559 So.2d 1230 (Fla. 3d DCA 1990) (defendant's acts of procuring insurance for vessel operating out of Florida port, corresponding with insured in connection with procurement of insurance, and servicing account constituted conducting business); Canron Corp. 444 So.2d at 529.
Appellants' next argument is that even if it was conducting business in the state, the cause of action in this case did not "arise from" that activity as required by the express statutory language of the long-arm statute. We find that argument unpersuasive. The term "arising from" is broad; it does not mean "proximately caused by," but only requires a "`direct affiliation,' `nexus,' or `substantial connection'" to exist between the basis for the cause of action and the business activity. Damoth v. Reinitz, 485 So.2d 881, 883 (Fla. 2d DCA 1986). The suit in this case stems from the loss suffered by the appellee as a result of representations made by the appellants to the policy holder in Florida. The appellants argue that, because they did not send a representative to Florida to solicit the particular policy at issue, there is no nexus between their solicitation activities and the cause of action in this case. We disagree. As the trial court found, the appellants had previously sent representatives to Florida to meet with Beale at least twice to solicit this very type of insurance business; their efforts evidently paid off. We are unwilling to say that there is no "direct affiliation," "nexus," or "substantial connection" between appellant's solicitation activities and the policy in the present case which occasioned the misrepresentations that resulted in the appellee's loss and this litigation.
We therefore conclude that the cause of action arose from the appellant's business activities in Florida, subjecting it to the personal jurisdiction of the Florida court. Cf. Classic Roadsters, Ltd. v. G.G.L. Ind., 544 So.2d 1111, 1112 (Fla. 3d DCA 1989) (subjecting defendant to personal jurisdiction would constitute a denial of due process where claim arose in another state and was "not even remotely related to any of its business activities in Florida").
We accordingly affirm the order under review and remand for further proceedings.
ZEHMER, C.J., and SHIVERS, Senior Judge, concur.
NOTES
[1] According to the complaint, Nelson Hurst Marine Limited is the successor-in-interest to Citicorp.
[2] Although appellee also pled jurisdiction under subsection (d), it did not argue the applicability of that subsection in the trial court. Appellee did not plead or argue jurisdiction under subsection (f).
[3] Section 48.193(1)(f)(1), Florida Statutes (1993), provides for personal jurisdiction where the defendant has "[c]aus[ed] injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury ... [t]he defendant was engaged in solicitation or services activities within this state."