640 So.2d 168 (1994)
AVH DAILY RENTAL CARS, INC., Appellant,
v.
Brenda Sue SMITH, Appellee.
No. 93-4083.
District Court of Appeal of Florida, First District.
July 29, 1994.
*169 Charles A. Schuster of Bell, Schuster & Wheeler, P.A., Pensacola, for appellant.
Pamela Dru Sutton and Michel L. Stone of Sutton & Stone, P.A., Panama City, for appellee.
SMITH, Judge.
Appellant, AVH Daily Rental Cars, Inc. (AVH), seeks reversal of an order denying its motion to dismiss for lack of personal jurisdiction. We reverse and remand for entry of an order dismissing appellant from the cause of action.
Appellee, the plaintiff below, was in a car accident in New Jersey. The car was driven by her husband, also a Florida resident. The employer of appellee's husband, Earth Resources, a Florida corporation, rented the vehicle from the appellant, a Delaware corporation. There is no dispute that the rental agreement was executed in Delaware. The rental agreement provides that the subject vehicle may be driven anywhere in the continental United States and Canada. Appellee filed a tort suit in Florida naming her husband, AVH Daily Rental Cars, and the husband's employer, Earth Resources, as defendants. AVH Daily Rental Cars moved, by special appearance, to quash service of process and to dismiss for lack of jurisdiction.[1] Following a hearing, the lower court denied AVH's motion on the ground that the language used in the rental agreement between AVH and Earth Resources Corporation gave AVH a reasonable expectation that it might at some future date be required to appear in court in Florida. The lower court's order contains a citation to "Lacy v. Force V Corp., 403 So.2d 1050 (Fla. 1st DCA), quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)," as support for the ruling finding jurisdiction over AVH.
To subject an out-of-state defendant to the jurisdiction of a Florida court, two criteria must be met: (1) the defendant must perform one of the acts listed in the Florida long-arm statute, section 48.193, Florida Statutes, from which the cause of action is said to have arisen, and (2) the defendant must have "sufficient minimum contacts" with the state of Florida to satisfy the principles of due process. Citicorp Insurance Brokers, Ltd. v. Charman, 635 So.2d 79, 80 (Fla. 1st DCA 1994). The allegations made in the complaint, and in the affidavits thereafter submitted, fail to satisfy the second prong of the above test. We find it unnecessary to our decision to specifically address the arguments made with respect to the first prong.
In Georgia Insurers Insolvency Pool v. Brewer, 602 So.2d 1264 (Fla. 1992), the supreme court discussed the concept of minimum contacts at length. In Georgia Insurers, the supreme court noted that mechanistic approaches to establishing personal jurisdiction over an out-of-state defendant do not exist. Rather, there is a two-fold constitutional inquiry with regard to the question of minimum contacts: (1) whether the acts of the nonresident defendant give rise to sufficient contacts with the forum state such that (2) maintaining the suit in the forum state does not offend traditional notions of fair play and substantial justice. 602 So.2d at 1268. Factors which determine whether sufficient minimum contacts exist include "the foreseeability that the defendant's conduct will result in a suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." Id., quoting Burger King Corp., 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (emphasis added). The Georgia Insurers court noted that foreseeability "alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." Id., quoting World-Wide Volkswagen Corp. v. Woodson, supra.
*170 In the instant case, there is no indication in the complaint or in the affidavits filed that AVH has purposefully availed itself of the privileges and protections of Florida. It is true that the rental contract between AVH and Earth Resources Corporation did not preclude the rented vehicle from being driven in Florida. Nevertheless, we cannot agree that this contractual language amounts to a "purposeful" availment of Florida's privileges and protections.
Appellee argues in support of the trial court's ruling that the instant case is similar to McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), where the only evidence of contact between a Texas insurer and a California forum was the mailing of a reinsurance certificate to an insured living in California. McGee, however, is distinguishable from the instant case because the nonresident defendant was in specific contact with the plaintiff while the plaintiff was in the forum state. The plaintiff in the instant case, the appellee, is not shown to have been in specific contact with AVH and was certainly not shown to have been in contact with AVH while in the forum state of Florida.
Appellee also relies on Lacy v. Force V Corp., supra, the case cited by the lower court. In Lacy, jurisdiction over an out-of-state defendant was found to exist when the defendant took a phone order in New York from a Florida plaintiff. Again, there was direct contact between the plaintiff and the out-of-state defendant while the plaintiff was in the forum state. This factual circumstance does not exist in this case.
Accordingly, we REVERSE the order finding jurisdiction over AVH Daily Rental Cars, Inc., and REMAND with instructions that this party be dismissed from the suit.
JOANOS and DAVIS, JJ., concur.
NOTES
[1] AVH asserted by affidavit, among other things, that it has never been authorized to do business in Florida; that it has no offices, employees or agents within the State of Florida; that it maintains no bank accounts and owns no property in Florida; and that all rentals of automobiles are made at its office in New Castle, Delaware, and all vehicles are to be returned to its office in Delaware at the expiration of the rental period. These facts are unrefuted by appellee.