651 So.2d 1265 (1995)
FLIGHT INTERNATIONAL AVIATION TRAINING CENTER, INC., a Georgia corporation, Appellant,
v.
Robin R. RIVERA, Appellee.
No. 93-3747.
District Court of Appeal of Florida, First District.
March 14, 1995.
*1266 Kathy Adams Gibbs of Tew & Garcia-Petrosa, Miami, for appellant.
Robin R. Rivera, pro se.
PER CURIAM.
This appeal arises from an order of the trial court denying Flight International Aviation Training Center, Inc.'s (hereinafter "FIATC") (a Georgia corporation), motion to abate for lack of personal jurisdiction. We reverse because we find that Rivera failed to establish a basis for invoking Florida's long-arm jurisdiction. Section 48.193, Florida Statutes.
In order to determine long-arm jurisdiction over a nonresident defendant, the trial court must determine (1) whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the Florida long-arm statute, section 48.193, Florida Statutes; and (2) whether sufficient minimum contacts exist between our forum state and the defendant to satisfy the Fourteenth Amendment's due process requirements. Doe v. Thompson, 620 So.2d 1004, 1005 (Fla. 1993); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); Citicorp Insurance Brokers, Ltd. v. Charman, 635 So.2d 79 (Fla. 1st DCA 1994). Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections. Georgia Insurers Insolvency Pool v. Brewer, 602 So.2d 1264, 1268 (Fla. 1992); citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
In the case before us, Rivera's responding affidavit was inadequate to rebut FIATC's position that it did not have sufficient minimum contacts within this state.[1] Although Rivera's amended complaint asserts one conclusory statement that FIATC conducted business activity in Florida, his affidavit asserts no facts showing activities in the state which would meet the requirements of Florida law. See, e.g., AVH Daily Rental Cars, Inc. v. Smith, 640 So.2d 168 (Fla. 1st DCA 1994); Foster, Pepper & Riviera v. Hansard, 611 So.2d 581 (Fla. 1st DCA 1992).
Rivera's affidavit appears to take the position that FIATC and its co-defendant below, Florida International, Inc., are the same entity by asserting that FIATC is the alter ego of Florida International.[2] The nonresident parent of a resident subsidiary corporation may be subject to long-arm jurisdiction where the alter ego test can be met. Qualley v. International Air Service, 595 So.2d 194 (Fla. 3d DCA 1992). However, Rivera's complaint and affidavit both fail to assert any facts or specifically allege any wrongful or improper purpose for the alliance between FIATC and Florida International. See, e.g., Woods v. Jorgensen, 522 So.2d 935 (Fla. 1st DCA 1988) (citing Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984)). Thus, Rivera has failed to adequately allege and substantiate the necessary facts to subject FIATC to the jurisdiction of this state under the alter ego theory.
We REVERSE AND REMAND for the trial court to enter an order dismissing FIATC from the suit.
BOOTH, WOLF and MICKLE, JJ., concur.
NOTES
[1] The trial court accepted Rivera's sworn answers to FIATC's interrogatories as rebuttal to FIATC's affidavit. No issue was raised as to this acceptance.
[2] Defendant Florida International, Inc., does not contest jurisdiction.