785 So.2d 557 (2001)
Todd TASKEY, Appellant,
v.
Judith BURTIS, an individual, Appellee.
No. 4D00-1787.
District Court of Appeal of Florida, Fourth District.
March 21, 2001.
*558 Corey B. Collins and Patricia H. Thompson of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant, Todd Taskey (Taskey), argues on appeal that the trial court's denial of his motion to dismiss for lack of personal jurisdiction should be reversed. This court agrees, finding that Taskey did not have sufficient minimum contacts with Florida to make the exercise of personal jurisdiction over him proper.
In December 1995, Judith Burtis (Burtis) entered into a Loan Agreement with Manhattan Salads, Inc., for $50,000.00, plus nine percent interest. The loan was scheduled to be repaid no later than December 1, 1998; however, it was never paid back. Burtis filed suit against Taskey for breach of contract because he was the alleged signatory to the Loan Agreement. Taskey filed a motion to dismiss the complaint due to lack of personal jurisdiction. In support of his motion, Taskey filed an affidavit which alleged: (1) that he was, and has been since January of 1995, a resident of the state of Maryland; (2) that he had never done business as, or been known as, Manhattan Salads, Inc., Manhattan Works, or Manhattan Salad Works; (3) that he was not, and never had been, an officer, director, employee, or agent of Manhattan Salads, Inc.; (4) that, to the best of his personal knowledge, Manhattan Salads, Inc., did business only in New York; (5) that he had introduced Burtis to Mr. LaScala, and Burtis loaned money to Mr. LaScala or to LaScala's business, Manhattan Salads, Inc.; (6) that Burtis was a resident of New York when the loan was made; (7) that he had never seen or signed the loan agreement; and (8) that he had never gone to Florida to negotiate, sign, or discuss any loan with Burtis.
In opposition to the motion to dismiss for lack of personal jurisdiction, Burtis filed an affidavit, alleging (1) that she never owned a home in New York; (2) that on or about November 1995, Defendant, Todd Taskey, negotiated via his father, Russell Taskey, to obtain a loan from her; (3) that at the time of the loan, she was dating Russell and he occasionally stayed at her home in Broward County, Florida; (4) that Taskey mailed a signed letter agreement to her at her home in Broward County, Florida, promising to repay the loan; (5) that Taskey mailed one check in repayment of the loan to her home in Broward County, Florida; (6) that Taskey mailed correspondence to her home concerning the loan; (7) that Taskey mailed additional correspondence to her home with promises to repay the loan and requests for extensions of the loan; (8) that she had never personally met Taskey but talked to him on several occasions on the telephone regarding the loan; and (9) that she had never personally met an individual by the name of Mr. LaScala. A non-evidentiary hearing was held on the motion to dismiss, and the trial judge denied Taskey's motion to dismiss for lack of personal jurisdiction. Ultimately, the trial court ruled in favor of Burtis for the amount of the loan plus the interest.
A two-part inquiry is required to assess whether a defendant is subject to personal jurisdiction when he is a nonresident of the forum state.

*559 "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient `minimum contacts' are demonstrated to satisfy due process requirements."
Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989)(quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988)), quoted & cited with approval in QSR, Inc. v. Concord Food Festival Inc., 766 So.2d 271, 274 (Fla. 4th DCA 2000). The first part of this inquiry is not at issue here because Taskey conceded in the proceedings below that Burtis alleged sufficient facts to bring Taskey within the ambit of the Florida long-arm statute.[1] However, Taskey does argue that he did not have the required "minimum contacts."
Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections. See Flight Int'l Aviation Training Ctr., Inc. v. Rivera, 651 So.2d 1265, 1266 (Fla. 1st DCA 1995)(citing Georgia Insurers Insolvency Pool v. Brewer, 602 So.2d 1264, 1268 (Fla.1992)). In this case, Burtis' responding affidavit was inadequate to rebut Taskey's contention that he did not have sufficient minimum contacts within this state. Aside from the general presumption that repayment is made where the creditor resides, Burtis' affidavit asserts no significant actions that the contract required Taskey to perform in Florida. Indeed, Taskey's alleged contract with Burtis, standing alone, would not be sufficient to establish minimum contacts with the forum state. See Alan Richard Textiles, Ltd. v. Vertilux, Inc., 627 So.2d 529, 530 (Fla. 3d DCA 1993)("[A] contract alone was not sufficient to establish minimum contacts with the forum state so as to allow the out-of-state party to be sued in the forum state.") (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)); see also Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d 838, 841 (Fla. 4th DCA 1997). Moreover, Burtis' affidavit asserts no other facts showing activities in the state which would meet the jurisdictional requirements of Florida law. See, e.g., Quality Christmas Trees Co. v. Florico Foliage, Inc., 689 So.2d 1222 (Fla. 5th DCA 1997); Flight Int'l Aviation Training Ctr., Inc., 651 So.2d at 1266; AVH Daily Rental Cars, Inc. v. Smith, 640 So.2d 168 (Fla. 1st DCA 1994).
Consequently, we reverse the trial court's order finding jurisdiction over Taskey and remand with instructions to grant Taskey's motion to dismiss for lack of personal jurisdiction.
STEVENSON, GROSS, JJ., and LABARGA, JORGE, Associate Judge, concur.
NOTES
[1] Section 48.193(1)(g), Florida Statutes (2000), provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . . .
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.