[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12601

Non-Argument Calendar

_____

NADEJDA JASTRJEMBSKAIA,

Plaintiff-Appellant,

*versus*

INCRUISES, LLC,
INGROUP INTERNATIONAL, LLC,
f.k.a. inCruises International, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:22-cv-61704-DMM

_____

Before WILSON, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

In this diversity action, plaintiff Nadejda Jastrjembskaia's amended complaint alleged Florida law claims against two defendants, inCruises, LLC ("inCruises") and inGroup International LLC ("inGroup"). Jastrjembskaia appeals the district court's (1) dismissal of her amended complaint without prejudice for lack of personal jurisdiction over the two defendants and (2) its order denying her subsequent Federal Rule of Civil Procedure 59(e) motion for leave to amend and for jurisdictional discovery and closing the case. After review, we affirm.

## I.  BACKGROUND FACTS

### A.    Original Complaint

Plaintiff Jastrjembskaia, a Florida resident, owns Aurora Cruises and Travel, LLC ("Aurora"), a travel agency.[1] Aurora specializes in high-end worldwide cruises and caters to "the Russian-based cruise population and the Russian diaspora cruise population."

Jastrjembskaia, represented by counsel, filed this diversity action against the defendants asserting state law claims of

---

[1] Originally Aurora was a plaintiff too but has not appealed. Thus, our opinion refers to only plaintiff Jastrjembskaia.

defamation, civil conspiracy, and a violation of Florida's Deceptive Unfair Trade Practices Act. According to the plaintiff, inCruises is a travel club that sells memberships in California, Florida and Washington, and its members (also referred to as partners) work as independent contractors recruiting additional members. Plaintiff Jastrjembskaia alleged that, after she claimed that inCruises was a "pyramid scheme," the defendants conspired with their partners to publish false reports on social media websites and throughout the Russian cruise community that inCruises had successfully sued her for defamation in Russia.

Jastrjembskaia's original complaint alleged that: (1) defendant inCruises is a foreign limited liability company incorporated, organized, and formed in Delaware, with its headquarters and principal place of business in Puerto Rico; and (2) defendant inGroup is a foreign limited liability company incorporated, organized, and formed in Puerto Rico, with its headquarters and principal place of business in Puerto Rico.

Prior to service, the district court *sua sponte* ordered the plaintiff to file an amended complaint to cure jurisdictional defects in the original complaint. The district court explained that the complaint failed to properly allege the parties' citizenship, including plaintiff Jastrjembskaia's domicile and the citizenship of the individual members of the limited liability companies.

## B.    Amended Complaint

Plaintiff Jastrjembskaia filed an amended complaint, which alleged that: (1) she is domiciled in Florida and is the only member

of Aurora; (2) Michael Hutchinson is domiciled in Puerto Rico and is the only member of inCruises; and (3) Hutchinson and Francisco Codina, who are both domiciled in Puerto Rico, were the only members of inGroup. The amended complaint also alleged that: (1) inCruises was organized in Delaware; (2) inGroup was organized in Puerto Rico; and (3) the defendants were registered to do business in Florida and had registered agents in Florida. The plaintiff attached 86 pages of posts from the Russian social media site VK.com.

## C.    Defendants' Motion to Dismiss

The defendants filed a motion to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Pertinent to this appeal, the defendants moved to dismiss under Rule 12(b)(2), arguing the amended complaint failed to allege facts establishing personal jurisdiction over the defendants. For purposes of general jurisdiction, the defendants pointed out the amended complaint's allegations established that neither defendant was organized in or had a principal place of business in Florida.

For purposes of specific jurisdiction, the defendants contended that the amended complaint did not allege any facts satisfying Florida's long-arm statute. The purportedly defamatory statements were allegedly made on a Russian social media platform. Importantly, the amended complaint did not allege that (1) any of the relevant events occurred in Florida, (2) any individual

accessed the purportedly defamatory material in Florida, or (3) the defendants took any action in Florida.

Plaintiff Jastrjembskaia's response did not address the defendants' arguments that the district court lacked personal jurisdiction. Notably, the plaintiff did not ask for leave to amend to cure any *jurisdictional* deficiencies, and she did not attach a proposed second amended complaint. Rather, after arguing that each count of her amended complaint stated a claim, Jastrjembskaia stated that if any of the three counts were inadequately pled and her claims dismissed, she "should be allowed to amend [her] pleadings."

Plaintiff Jastrjembskaia also urged the district court to convert the defendants' motion to dismiss to a motion for summary judgment. Jastrjembskaia attached to her response: (1) her 15-page declaration describing the defendants' scheme to use their partners to spread allegedly defamatory social media posts about suing Jastrjembskaia in Russia; and (2) 427 exhibits, mostly of social media posts in Russian and translated to English, encompassing over 2000 pages. However, Jastrjembskaia did not give any indication that these attachments established personal jurisdiction over the defendants.

## D.    March 9, 2023 Dismissal Order For Lack of Personal Jurisdiction

On March 9, 2023, the district court granted the defendants' motion to dismiss on the sole ground that the plaintiffs' amended complaint failed to allege a basis for the court to assert personal

jurisdiction over the two defendants.  The district court noted that the plaintiff did not explain why she "failed to respond to Defendants' personal jurisdiction arguments, or provide the Court with any other case law or argument as to why this Court has personal jurisdiction over Defendants."  The district court dismissed the amended complaint without prejudice against both defendants but did not close the case.

On March 28, 2023, the district court ordered the plaintiff to show cause as to why the case should not be closed.  The order warned that a failure to respond would result in the case being dismissed without prejudice for failure to prosecute and/or failure to comply with court orders.

### E.     Plaintiffs' Rule 59(e) Motion for Leave to Amend

In response, Jastrjembskaia filed a motion to alter the district court's March 9, 2023 dismissal order, citing Federal Rules of Civil Procedure 15(a) and 59(e).  Jastrjembskaia argued that her amended complaint alleged sufficient facts relevant to establishing personal jurisdiction, such as that the defendants were registered in Florida as foreign limited liability companies, sold memberships in Florida, and targeted and harmed her and Aurora as "Floridians." Jastrjembskaia complained that the district court had ignored her declaration and the 427 exhibits attached to her response to the motion to dismiss.

Jastrjembskaia also asserted she should be allowed to amend her amended complaint.  In support of her motion, Jastrjembskaia also filed a second declaration with 108 exhibits attached.

According to Jastrjembskaia's second declaration, these exhibits included information from online databases, social media profiles, and publicly available business information that indicated (1) inCruises's sole member Hutchinson and some of its executives and partners lived in Florida, (2) inCruises advertised, recruited, and held promotional events in Florida, and (3) inCruises had a small office in Florida.

Jastrjembskaia also requested 90 days of jurisdictional discovery and leave to amend her amended complaint under Rule 15(a)(2). She planned to "supplement the causes of action" and "expand[] with numerous facts," but she did not elaborate or attach a proposed amended complaint. She also did not explain what additional jurisdictional facts she needed in discovery.

The defendants opposed the plaintiff's Rule 59(e) motion on multiple grounds. Among other things, the defendants pointed out Jastrjembskaia's failure (1) to submit a proposed amended complaint, as required by the district court's local rules, and (2) to request leave to amend before the scheduling order's March 10, 2023 deadline for amendments. Jastrjembskaia replied that Rule 59(e) did not require her to submit a proposed amended complaint, which would be premature before jurisdictional discovery.

## F.    Denial of Rule 59(e) Motion

On August 2, 2023, the district court denied Jastrjembskaia's Rule 59(e) motion and closed the case. The district court reiterated that it had granted the defendants' motion to dismiss for lack of personal jurisdiction because the plaintiff had failed to

"substantively respond" to the defendants' arguments and her amended complaint's "allegations concerning minimum contacts appeared to be sparse."

The district court denied Jastrjembskaia's request for leave to amend for three reasons. First, "and foremost," she failed to attach a proposed second amended complaint, in violation of Local Rule 15.1. The district court explained that this failure made it "nearly impossible" to determine whether amendment would be futile. And Jastrjembskaia did not "explain why jurisdictional discovery would be helpful."

Second, the district court concluded amendment would be futile because, even after "sifting through Plaintiffs' exhibits," it was "not obvious how Plaintiffs can establish personal jurisdiction over these foreign Defendants." The district court stressed that the allegedly defamatory statements were not aimed at Florida, the connection between the defendants and the individuals making the statements was not clear, and Jastrjembskaia did not explain how the statements arose out of the defendants' business dealings in Florida. The district court also noted that registration to do business in Florida did not establish consent to personal jurisdiction in Florida.

Third, the district court pointed out that the new claim in the plaintiff's Rule 59(e) motion that Hutchinson (defendant inCruises's sole member) resides in Florida "call[ed] into question whether there is complete diversity" and raised "serious questions" about the court's subject matter jurisdiction.

Plaintiff Jastrjembskaia, now *pro se*, timely filed a notice of appeal in her name only.

On November 6, 2023, while this appeal was pending, Jastrjembskaia filed in the district court a *pro se* motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). The district court denied Jastrjembskaia's Rule 60(b) motion on November 29, 2023. Jastrjembskaia did not file a notice of appeal as to this ruling.

## II.  SCOPE OF APPELLATE REVIEW

Jastrjembskaia's notice of appeal designated only the district court's August 2, 2023 order denying her Rule 59(e) motion for leave to amend and closing the case. However, Jastrjembskaia's *pro se* appeal brief, liberally construed, also attacks the merits of the district court's underlying March 9, 2023 order dismissing her amended complaint without prejudice for lack of personal jurisdiction.

As a threshold matter, we observe that the district court's March 9, 2023 order is nonfinal because it did not dismiss the action or indicate that further amendment was not possible, and the district court subsequently ordered Jastrjembskaia to show cause as to why the case should not be closed. *See Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1554-55 (11th Cir. 1984). Nonetheless, the March 9, 2023 order is within the scope of our appellate review. First, it is apparent from the record that Jastrjembskaia intended to appeal the March 9, 2023 order. *See Nichols v. Ala. State Bar*, 815 F.3d 726, 730-31 (11th Cir.

2016) (explaining that we liberally construe Federal Rule of Appellate Procedure 3's requirements where it is apparent from the record the *pro se* appellant intended to appeal orders not specified in the notice of appeal).

Second, Jastrjembskaia's appeal of the district court's August 2, 2023 final order brought up for review all preceding nonfinal orders, including the March 9, 2023 order, that produced the final judgment. *See Mickles on behalf of herself v. Country Club, Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018); Fed. R. App. P. 3(c)(4).

However, to the extent Jastrjembskaia also challenges the district court's November 29, 2023 order denying her Rule 60(b) motion, we lack appellate jurisdiction to review this claim. Jastrjembskaia filed her Rule 60(b) motion after she filed her notice of appeal, and she did not file a separate notice of appeal as to the November 29, 2023 order denying that motion. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). A *pro se* appellant's brief may substitute as a separate notice of appeal when it is filed within the time prescribed by Federal Rule of Appellate Procedure 4(a), which is 30 days in this civil case. *See* Fed. R. Civ. P. 4(a); *Finch v. City of Vernon*, 845 F.2d 256, 259-60 (11th Cir. 1988). But Jastrjembskaia's appellate brief was filed on January 22, 2024, more than 30 days after the entry of the district court's November 29, 2023 order.

### III.  STANDARDS OF REVIEW

We review *de novo* the district court's dismissal for lack of personal jurisdiction, accepting the allegations in the complaint as

true. *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1222 (11th Cir. 2023). We review for an abuse of discretion both the denial of a Rule 59(e) motion and the denial of a Rule 15(a) request for leave to amend. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1343 n.20 (11th Cir. 2010). We review *de novo* a district court's legal conclusion that an amendment would be futile. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010).

## IV. DISCUSSION

### A. Dismissal of Amended Complaint for Lack of Personal Jurisdiction

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A plaintiff establishes a *prima facie* case by alleging sufficient facts or presenting sufficient evidence to "defeat a motion for directed verdict," and the district court must accept the facts alleged in the complaint as true. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (quotation marks omitted).

In determining whether personal jurisdiction exists, a district court sitting in diversity generally undertakes a two-step inquiry. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, the court must determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. *Id.* Second, if the state's long-arm statute

is satisfied, the court must then determine whether exercising jurisdiction comports with the Fourteenth Amendment's Due Process Clause. *Id*.; *see also Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1272 (11th Cir. 2022). Both steps must be satisfied for a court to exercise personal jurisdiction over a nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

Here, our analysis starts and ends with the first step— Florida's long-arm statute. The reach of Florida's long-arm statute is a question of Florida law, and federal courts are required to construe the long-arm statute as the Florida Supreme Court would. *Mazer*, 556 F.3d at 1274. Florida's long-arm statute recognizes both specific and general jurisdiction over nonresident defendants. *See* Fla. Stat. § 48.193(1)-(2). For the reasons that follow, we reject Jastrjembskaia's claims that she sufficiently alleged facts making a *prima facie* showing of either specific or general jurisdiction.

## B.    General Jurisdiction

Under Florida's long-arm statute, a nonresident is subject to general jurisdiction by "engag[ing] in substantial and not isolated activity" in Florida, regardless of whether the plaintiff's claims arose from that activity. *See* Fla. Stat. § 48.193(2); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013). Because Florida Statutes § 48.193(2) extends to the limits of personal jurisdiction imposed by the Fourteenth Amendment's Due Process Clause, the inquiry becomes whether the exercise of jurisdiction is within "constitutional bounds." *Carmouche v.*

*Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quotation marks omitted).

A court can exercise general jurisdiction over foreign corporations without offending due process when the corporations' contacts with the forum state are "so continuous and systematic as to render them essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks omitted). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there," primarily a company's state of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (involving a limited liability company).

Absent these affiliations, a corporation may be subject to general jurisdiction only in "exceptional" cases, such as when its operations in a state are so significant that they effectively render the corporation at home in that state, or constitute the corporation's "principal, if temporary, place of business." *Carmouche*, 789 F.3d at 1204-05 (quotation marks omitted). However, under Florida law, a "foreign corporation's registration to do business and appointment of an agent for service of process in Florida" does not amount to "its consent to general jurisdiction in the Florida courts." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1321 (11th Cir. 2018).

Here, Jastrjembskaia's amended complaint alleged that defendant inCruises was organized in Delaware and defendant inGroup was organized in Puerto Rico, establishing that neither

defendant was organized in Florida. And the amended complaint did not allege either defendant's principal place of business, much less allege that the defendants' principal place of business was in Florida. *See Daimler AG*, 571 U.S. at 137.

Further, the amended complaint did not allege any facts suggesting this was an "exceptional" case. The amended complaint's sole allegation about the defendants' operations in Florida was that defendant inCruises "sells memberships for cruise trips with Seller of Travel registrations in . . . Florida under [Florida's] Seller of Travel regulations." This connection is not "so substantial" as to effectively render the defendants "at home" in Florida. *See Carmouche*, 789 F.3d at 1204. This is particularly true given that the amended complaint alleged inCruises sold cruise trip memberships in this manner in several states.

Finally, while the amended complaint alleged that both defendants were registered to do business in Florida and had registered agents in Florida, Florida law provides that such allegations are insufficient to establish general jurisdiction under Florida's long-arm statute. *See Waite*, 901 F.3d at 1321.

## C.    Specific Jurisdiction

Florida's long-arm statute provides for specific personal jurisdiction when a defendant "engages in any of nine enumerated acts, as long as the cause of action arises from that act." *SkyHop Techs.*, 58 F.4th at 1223, 1227-28; Fla. Stat. § 48.193(1)(a). Jastrjembskaia relies on § 48.193(1)(a)(2), which provides that nonresidents submit themselves to jurisdiction in Florida by

"[c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). For purposes of § 48.193(1)(a)(2), a nonresident defendant need not be physically present in Florida, so long as the tortious act performed outside the state causes injury within Florida. *Del Valle*, 56 F.4th at 1272-73.

A nonresident defendant commits the tortious act of defamation in Florida for purposes of § 48.193(1)(a)(2) when he makes "allegedly defamatory statements about a Florida resident by posting those statements on a website," provided that the posts containing the statements are "accessible *and accessed*" in Florida. *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1203, 1206 (Fla. 2010) (emphasis added); *see also SkyHop Techs.*, 58 F.4th at 1228 (explaining that for tortious acts involving communication, the nonresident defendant's communications must be made into Florida).

Here, Jastrjembskaia's amended complaint alleged that: (1) the defendants conspired with their partners to publish false statements about her, translated into Russian, by posting those statements "on social media sites" and "throughout the Russian cruise community and among the Russian diaspora in general"; (2) posting the defamatory statements to social media allowed the statements to "be easily forwarded and shared," and the defamatory statements were "widely disseminated in blogs, podcasts, and otherwise published and posted on various websites on the Internet"; and (3) the "social media posts caused [her] to lose business, revenue and clients."

These allegations, accepted as true and reasonably construed, establish at most that the allegedly false statements about Jastrjembskaia were *accessible* in Florida. Notably absent, however, is any allegation that the allegedly false statements were *accessed* in Florida, which is also required for specific jurisdiction under § 48.193(1)(a)(2). *See Internet Sols.*, 39 So. 3d at 1216. The social media posts attached to the amended complaint were from a Russian social media site, and the amended complaint does not allege that these posts were made into Florida or accessed by anyone in Florida. *See id.*; *SkyHop Techs.*, 58 F.4th at 1228.

In sum, Jastrjembskaia's amended complaint failed to allege facts establishing either general or specific personal jurisdiction over the defendants under Florida's long-arm statute. Thus, we need not proceed to the due process analysis in the second step. *See Sculptchair, Inc.* 94 F.3d at 626; *Madara*, 916 F.2d at 1514.

While not determinative, we note that despite these obvious pleading deficiencies, Jastrjembskaia's response to the defendants' motion to dismiss did not address personal jurisdiction or request leave to amend her complaint to allege a sufficient basis for personal jurisdiction. And the 427 exhibits attached to her response did not clearly indicate that the district court had personal jurisdiction over the defendants. Under the circumstances, the district court did not err by dismissing the amended complaint without prejudice for lack of personal jurisdiction.

### D.    Denial of Rule 59(e) Motion Seeking Leave to Amend

Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The same liberal amendment standard set forth in Rule 15 applies to a Rule 59(e) motion seeking leave to amend a complaint. *Spanish Broad Sys. of Fla. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004). Under this standard, leave to amend "must be granted absent a specific, significant reason for denial," such as undue prejudice to the opposing party or futility of amendment. *Id.*

Southern District of Florida Local Rule 15.1 provides that a party moving to amend a pleading must "attach the original of the amendment to the motion." S.D. Fla. R. 15.1. We afford "great deference" to a district court's interpretation of its local rules and review its application of local rules for an abuse of discretion. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). The party challenging a district court's reliance on its local rules bears the burden of showing the district court made a clear error of judgment. *Id.*

### 1.    Denial of Leave to Amend

The district court did not abuse its discretion by denying Jastrjembskaia's Rule 59(e) motion requesting leave to amend her amended complaint. *See Jacobs*, 626 F.3d at 1343 n.20. Jastrjembskaia's counseled motion failed to comply with the local rule requiring a plaintiff to attach a proposed amendment to her request to amend. Moreover, Jastrjembskaia's motion did not specifically articulate what she sought to include to correct the

amended complaint's jurisdictional deficiencies.  Instead, her Rule 59(e) motion made only vague references to supplementing her causes of action and expanding "with numerous facts," which prevented the district court from evaluating the utility of any additional amendment.  Jastrjembskaia has not shown the district court made a clear error of judgment by applying Local Rule 15.1 or by relying on it as one of its reasons for denying her request to amend her amended complaint.  *See Mann*, 588 F.3d at 1302.

When the defendants pointed out her failure to attach a proposed amendment, Jastrjembskaia replied by stating, without any elaboration, that it would be premature to propose an amendment before she was permitted jurisdictional discovery.  But again, Jastrjembskaia did not explain why such discovery would be helpful or what additional information she was seeking to obtain.  Therefore, we cannot say that the district court erred in denying Jastrjembskaia's request for leave to amend her amended complaint.

### 2.    Futility of Amendment

The district court also did not err in determining that amendment would be futile.  An amendment is futile when the complaint as amended would still be subject to dismissal.  *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017).  Here, Jastrjembskaia's Rule 59(e) motion did not point to any additional facts she could plead to sufficiently establish a *prima facie* case of personal jurisdiction over the defendants.

Jastrjembskaia's Rule 59(e) motion argued that attachments to her *second* declaration demonstrated that the district court had general jurisdiction pursuant to § 48.193(2) of Florida's long-arm statute. The Rule 59(e) motion pointed to exhibits indicating that defendant inCruises was registered as a foreign limited liability company in Florida and had an address in Florida. But, for the reasons already discussed in Section IV.B, these facts do not demonstrate that the defendants are subject to general personal jurisdiction in the state.

Alternatively, the Rule 59(e) motion contended that the attachments to her *first* declaration, filed in opposition to the motion to dismiss, demonstrated that the district court had specific jurisdiction either (1) under Fla. Stat. § 48.193(1)(a)(2) because the defendants committed the tortious act of defamation in Florida or (2) under Fla. Stat. § 48.193(1)(a)(1) because the defendants engaged in business in Florida.

As for the defendants' alleged defamatory acts, the Rule 59(e) motion did not contain any claim, or point to any attachments to either declaration showing, that the allegedly defamatory statements posted to social media websites were actually *accessed* in (as opposed to accessible in) Florida. As already discussed, without such an allegation of fact, the plaintiffs could not satisfy § 48.193(1)(a)(2) of Florida's long-arm statute. *See Internet Sols.*, 39 So. 3d at 1216; *SkyHop Techs.*, 58 F.4th at 1228.

For the first time on appeal, Jastrjembskaia cites two attachments, Exhibits 207 and 389, as evidence that three Florida

residents engaged with the allegedly defamatory posts on social media websites. However, neither exhibit established that the named individuals are Florida residents.[2]

In any event, Jastrjembskaia's Rule 59(e) motion did not point the district court to Exhibits 207 and 389, or any of the other attachments, as evidence that Florida residents had accessed the allegedly defamatory statements, and the district court was not required to scour all 427 exhibits (more than 2000 pages) searching for such evidence. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (explaining that district courts are not required "to mine the record, prospecting for facts" a party overlooked). Thus, Jastrjembskaia's Rule 59(e) motion did not propose to cure that jurisdictional deficiency in the plaintiffs' amended complaint, discussed above in Section IV.C.

As for the defendants' engaging in business activity in Florida, the Rule 59(e) motion listed various business activities—the defendants were registered to do business in Florida, recruited, advertised, and held events in Florida, had a network of

---

[2] In a belated effort to remedy this problem, Jastrjembskaia's reply brief includes links to three Facebook profiles as "proof" that the three named individuals are Florida residents. Her reply brief states that these individuals would give "testimonials" confirming their Florida residence and that they viewed the posts. But because Jastrjembskaia did not present this information to the district court, it is not in the record on appeal, and we do not consider it. *See Welding Servs., Inc. v. Foman*, 509 F.3d 1351, 1357 (11th Cir. 2007) (stating that we "ordinarily do not review materials outside the record on appeal as designated by Fed. R. App. P. 10(a)").

members/partners in Florida, had an address in Florida, and had some top executives living and working in Florida. But those activities alone would not satisfy the requirements for specific personal jurisdiction.

Specific personal jurisdiction under Fla. Stat. § 48.193(1)(a) requires "connexity" or a causal connection "between the defendant's activities in Florida and the plaintiff's cause of action." *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 n.7 (Fla. 2002); *see also SkyHop Techs.*, 58 F.4th at 1227-28. Florida courts have said that connexity requires a direct or substantial connection between the plaintiff's cause of action and the defendant's business activities in Florida. *Citicorp Ins. Brokers (Marine), Ltd. v. Charman*, 635 So. 2d 79, 82 (Fla. Dist. Ct. App. 1994). Without this "connexity," a defendant's business activities in Florida are "irrelevant." *Banco de los Trabajadores v. Moreno*, 237 So. 3d 1127, 1137 (Fla. Dist. Ct. App. 2018).

Jastrjembskaia has never claimed that any of the three counts in her amended complaint "arose out of" the business activities listed in her Rule 59(e) motion. Although Jastrjembskaia asserted that she suffered harm in Florida, the allegedly defamatory statements were made on social media websites, concerned a Russian court action, and were not directly connected to the defendants' business activities in Florida, which primarily related to promoting and selling travel club memberships in the state. Accordingly, amending her complaint to allege these business

activities would not have established specific jurisdiction over the defendants pursuant to § 48.193(1)(a)(1).

Consequently, Jastrjembskaia has not shown that the district court erred in determining that amendment would be futile or that the district court otherwise abused its discretion in denying her Rule 59(e) motion for leave to amend her amended complaint.

### 3.    Denial of Request for Jurisdictional Discovery

For similar reasons, we discern no abuse of discretion in the district court's denying Jastrjembskaia's request for jurisdictional discovery. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (concluding a district court did not abuse its discretion by denying the plaintiff's post-dismissal request for jurisdictional discovery when the plaintiff did not diligently pursue such discovery and "failed to specify what [he] thought could or should be discovered").

Jastrjembskaia did not articulate a need for jurisdictional discovery in her response to the defendants' motion to dismiss based on lack of personal jurisdiction. Instead, she sought jurisdictional discovery for the first time in her Rule 59(e) motion, which was nearly two months *after* the defendants filed their motion to dismiss. Thus, Jastrjembskaia failed to diligently pursue jurisdictional discovery, despite having had an opportunity to do so. Additionally, she failed at any point to indicate why jurisdictional discovery would be useful, how it would allow her to obtain the jurisdictional information needed to submit a proposed second amended complaint, or even what information she was

seeking. Under these circumstances, it was not an abuse of discretion to deny Jastrjembskaia's post-dismissal request for jurisdictional discovery. *See Posner*, 178 F.3d at 1214 n.7.

## V. CONCLUSION

The district court properly dismissed Jastrjembskaia's amended complaint without prejudice for failure to allege a sufficient basis to exercise personal jurisdiction over the defendants. Jastrjembskaia has not shown that the district court abused its discretion in denying her subsequent Rule 59(e) motion for leave to amend and for jurisdictional discovery or that the district court erred in its determination that further amendment would be futile.

**AFFIRMED.**